Eastern District.
*April*, 1830.

*POYDRAS vs. POYDRAS & AL.*

POYDRAS
*vs.*
POYDRAS
& AL.

The rule that in doubtful cases, the presumption is, that a testator intended to dispose of his property in conformity with the dispositions of the law, is applicable only when the dispositions of the testator are so confused and uncertain, that no effect can be given to them, and which would of necessity leave the distribution of his property to the operation of the law.

APPEAL from the court of probates of the parish of Point Coupee.

The plaintiff, a legitimate daughter of a deceased nephew of the late Julien Poydras, claimed to be recognized as an universal legatee under the will of her deceased grand uncle, by which his nephews and nieces were called to the inheritance of his succession.

The late Julien Poydras had two nephews and eleven nieces, the children of his three brothers and one sister.

One of the nephews, the father of Leocadie, died previous to the date of the will of Julien Poydras, leaving no other issue but his daughter Leocadie.

The testator in his last will declares that he has neither ascendants nor descendants. That he leaves only nephews and nieces, the children

Eastern District.
*April*, 1830.

POYDRAS
*vs.*
POYDRAS
& AL.
or offspring of his three brothers and of his sister.

To these nephews and nieces he bequeathed the whole of his estate, after deducting the peculiar legacies described in the will.

The plaintiff contended that her daughter, Leocadie, the grand niece of the testator, ought to. be comprised among his universal legatees, on an equal footing with his eleven nieces and his surviving nephew.

This claim was resisted by the twelve above legatees, and the court below gave judgment in their favor.    The plaintiff appealed.

*Seghers,* for the appellant, relied upon the following authorities:

1. *La connaissance de la volonté du testateur ne doit pas etre tirée des conjectures extrinseques; on doit la prendre du testament et des dispositions qu'il renferme.    Furgole, traité des test. vol.* 2, *ch.* 7, *sec.* 6, *p.* 353.

"We must not decide from one single pas- "sage of a will, but by combining what pre- "cedes and follows, and from the whole tenor "and contents, and after the instrument has "been thoroughly examined, sifted and weigh- "ed in all its parts. *Et non ex uno versu testa- "menti jus dici oportere, sed ex antecedentibus*

Eastern District.
*April*, 1830.

Poydras
*vs.*
Poydras
& al.

"*et consequentibus perpetuoque tenore et per-*
"*petua continentia ejus, scriptura omnibus ex*
"*partibus considerata, perpentata, perpensa,*
*Cujas vol.* 1, *cons.* 51, *fol,* 704, *La .B.*

2. Under the name of children are compre-
hended not only the children of the first degree,
but the grand children, great grand children,
and all other descendants in the direct line. See
*Louisiana Code, art.* 3522, *no.* 14. *Libero-
rum appellatione nepotes et pronepotes, eosque
qui ex his descendunt continentur, L.* 220 *ff.
de verb. signification. Merlin. rep. de Jurisp.
verbo enfant. tom.* 4, *p.* 621.

The same rule applies, whether the testator
calls his own children or whether it is a collate-
ral, an uncle for instance, who speaks of the chil-
dren of his brothers and sisters, or other rela-
tives. *Furgole, tom.* 2, *p.* 431. *Merlin
Rep. de Jurisp. vol.* 4, *p.* 622, *verbo enfant and
Merlin again quest. de droit vol,* 2, *Verbo en-
fant,* §1. *where he reports a decree of the par-
liament of Dijon of the 9th December, which is
exactly in point* "*Les dernieres volontés sont*
"*susceptibles d'une interpretation large et on*
"*doit principalement s'attacher à decouvrir*
"*quelle a ete la volonte du testateur. In testa-*
"*mentis, plenius voluntates testatorum interpre-*
"*tantur L* 12 *ff. de reg. jur. In ambiguis ora-*

POYDRAS
*vs.*
POYDRAS
& AL.

*"tionibus maxime, sententia spectanda est ejus qui eas protuliss et L. 96 ff. de R. T. Pothier traite des Don. test. chap. 7, sec. 1.*

When the case is doubtful, it is always to be supposed that the testator intended to comply with the provisions of the law and to refer to it. *In dubio, testator videtur se conformare cum legis dispositione et ad eam se referre. Gomez ad leg, Tauri. p. 79, no. 9.*

MATHEWS, J. delivered the opinion of the court.

The plaintiff in this case intervened in a suit, which was pending before the court below, between the defendants and the testamentary executors of the late *Julien* Poydras.

She claims that her daughter and pupil shall be admitted as one of the universal legatees of her grand uncle, who died, leaving a will or testament, by which his nephews and nieces are called to the inheritance of the greater portion of his succession, to take by equal shares.

The court of probates gave judgment against her pretensions, from which the present appeal was taken.

The decision of the cause depends mainly on the interpretation or construction which ought to be given to the context of the testament, and the degree of consanguinity in which the claimant stands to her deceased relation, the testator.

Eastern District.
*April*, 1830.

POYDRAS
*vs.*
POYDRAS
& AL.

The clauses of the testament from which the intention of the deceased must be deduced are the preamble, and that by which the testator disposes of the generality of his property.

They are expressed in the terms following:—

After stating the place of his birth and his parentage, and that he was never married, the testator declares "*Je me trouve n'avoir ni ascendants ni descendants. Je n'ai que des neveux et nièces, enfans de mes trois frères, François, Godfroi et Claude Poydras, et de ma sœur ainée, qui se sont maries et du mariage desquels sont issus et existans mes susdits neveux et nièces, qui sont tous résidens en France à l'exception de mon neveu Benjamin Poydras, habitant proprietaire de la Paroisse de la Pointe Coupée dans cet Etat de la Louisiane.*"

Immediately after this preamble, are found several specific legacies, and then the gen-

Eastern District.
*April*, 1830.

POYDRAS
*vs.*
POYDRAS
& AL.

eral bequest of all the residue of all his estate, which is thus expressed:

" *Tous les legs susdits que je viens d'établir,* " *prealablement payés et aquittés, je lègue a mes* " *neveux et nieces existants et venus des maria-* " *ges de mes trois freres et de ma saeur susdits &* " *décédés, la generalité des biens de toute nature* " *que je de laisserai au jour de mon décès en quel-* " *que lieu qu'ils soient trouvés ou situés, les eta-* " *blissant mes legataires universels, par portions* " *égales entre mes dits neveux & nièces.*"

The evidence of the case shows that at the time of the decease of the testator, there were living or in existence, one nephew and eleven nieces, related to him in the first degree, children of his three brothers and one sister, also the present plaintiff, a niece in the second degree, who claims a part of the succession as representative of her father, who was nephew to the deceased Julien Poydras, and who died before the testator, and before the opening of his succession.

In support of the pretensions of the appellant, her counsel has attempted to introduce several general principles and rules, in relation to the interpretation of testaments, as established by the Roman,

French and Spanish laws:—1. The intention of the testator must be pursued, rather than the literal meaning of the words used in the bill—*Voluntatem potius quam verba.* 2. Testaments should receive a full and favorable construction—*Plenius et benigne.* 3. Their whole contents should be carefully examined, in connexion with the preamble. 4. In doubtful cases, the interpretation of the dispositions should conform to the probable intention of the testator. Finally, that when doubts exist, the presumption is, that the testator intended to make his will, in conformity to the dispositions of law relative to inheritances, *&c. Quia in dubiis, testator videtur se conformam cum legis dispositione et ad eam se referre.*

These rules of interpretation, appear to be proper, and are sanctioned by the authorities cited in support of them. But it would be difficult to find an application for the last, unless in a case, where the dispositions of a testament are so extremely confuse and uncertain, that no effect could be given to them; which would of necessity leave the distribution of the testator's succession to the operation of law.

Eastern District.
*April,* 1830.

POYDRAS
*vs.*
POYDRAS
& AL.

The rule that in doubtful cases the presumption is, that a testator intended to dispose of his property in conformity with the dispositions of the law in cases of intestacy, is applicable only where the dispositions of the testator are so confused and uncertain, that no effect can be giv-

Eastern District.
*April*, 1830.

Poydras
*vs.*
Poydras
& Al.

en to them, and which would, of necessity, leave the distribution of his property to the operation of the law.

In order to produce a favorable effect, from the application of these principles to the cause of his client, the counsel has attempted, with great research, force and ingenuity, to establish, that the will now under consideration, is at least doubtful, in relation to the persons intended by the testator to be his general legatees; and that, in construing the words by which they are designated, according to their most extensive meaning, the appellant is entitled to take an equal portion of the generality of the property left at his decease by the testator, with his nephews and nieces in the first degree. To support these propositions, authorities are adduced from the Roman and French laws, by which it appears, that the words "*liberi*," in the Latin, and "*enfans*," in the French language, comprehend grand children, down to the latest generation, as well as the immediate or proximate descendants of their parents; and would be embraced in a legacy made to his children by a testator. And as a corollary to this proposition, the conclusion is induced, that a clause in a will, by which nephews and nieces, the children of certain brothers and sisters, are constituted universal legatees, will extend to grand ne-

phews and nieces, *per stirpes*. This may be all true, according to a just interpretation of those laws, in cases where no words of restriction have been used by a testator, in the dispositions of his will. But these laws are without force or effect in this country, except so far as these declarations conform to the principles of natural right, as recognized by the reasoning power of men. The transmission of property from the owner, *causa mortis*, whether by testament or according to provisions of law, when in a direct or collateral line, to his relations, is the creature of municipal regulations, produced by the legislative power of each state or political community, according to the will of its legislators. In the present case, we have been favored with but few quotations, from the laws of Spain, or our own legislative enactments, on the part of the appellant, and these relate principally to the distribution of successions *ab intestatis*. We are, however, called on to give an interpretation to a testament, and must endeavor, from its expressions, to ascertain the intentions of the testator. The parts of the instrument, which have reference to the present contest, must be construed in connexion; and

Eastern District.
*April*, 1830.

POYDRAS
*vs.*
POYDRAS
& AL.

Eastern District.
*April*, 1830.

POYDRAS
*vs.*
POYDRAS
& AL.

meaning and effect are to be given to all the words therein contained, according to their legal acceptation.

In the *7th Partida, tit.* 33, *and Law* 5, concerning the signification of words, the following rule is laid down, in relation to the interpretation of wills:—"*Las palabras del* "*fazedor del testamento, deben ser inten-* "*didas manaente, assi como illas suenan,* "*e non se debe el jugador partir del entende* "*miente dellas; fueras ende, quando pare-* "*ciere ciertamente, que la voluntad del tes-* "*tador fuera otra, que non suenan las pala-* "*bros que estan escritas.*"

According to this rule, in ascertaining the intention of a testator, judges are not permitted to depart from the plain and literal meaning of the words used by him.

Menochius, in his *Commentarius de Presumtionibus, conjecturis signis et indiciis, quæ circa ultimas dispositiones, et volentates morientium versantur,* in *Book* 4, *Presumption* 94, *No.* 15, declares his opinion, that when, in the state or place (*in civitate et loco*) where the testator disposes of his property, there exists a law or statute, that words of a testament shall be understood, according to

their plain and literal meaning, *ad literam et*
*ut jacent et sonant—Hoc etiam casu appel-*
*latione filiorum non continentur nepotes.*
This opinion is in conformity with a response
found in his Book of Counsels or Responses,
*ad Consilium* 215, *Nos.* 15 & 16, given in
relation to the very law of the Partidas, above
cited. If this rule of interpretation, be appli-
cable to the dispute between the parties to the
present suit, (and that it is, no doubt can be
entertained,) the question arising on the tes-
tament of the late Julien Poydras, must be
decided in favor of the pretensions of the ap-
pellees, even admitting that no words of re-
striction were to be found in the instrument,
limiting the bequest to his nephews and nie-
ces in the first degree; for the same princi-
ples should prevail, in this respect, in cases
concerning the interest of collaterals, as in
those which concern that of descendants, so
far as by law they are placed on the same
footing. But, in our opinion, the will does
contain words, by which the intention of the
testator, was evidently to confine the general
legacy, to be divided in equal portions amongst
his nephews and nieces of the first degree.

POYDRAS
*vs.*
POYDRAS
& AL.

In the preamble of his will, he describes the situation of his relations, who all resided in France, with the exception of his nephew, Benj. Poydras, according to the knowledge which he had of them. He says, they were nephews and nieces, children of his brothers and one sister, borne to them in marriage. These nephews and nieces, existing and produced by the marriages of his brothers and sister, (*Venant des marriages, &c.*) he constitutes universal legatees of the residue of his estate, &c.

Now, it appears to us, without doubt, that the whole context of these two clauses of the will, (which constitute the only part of the instrument applicable to the present contest,) limits the legacy to the children of his brothers and sister, who might be in existence at the time of the decease of the testator. The degree of relationship of the persons, to whom the testator intended to extend his beneficence, is fixed and certain, and beyond that degree it cannot be extended, even according to the most liberal interpretation, authorized by the Roman and French laws, relating to testamentary dispositions.

Eastern District.
*April*, 1830.

POYDRAS
*vs.*
POYDRAS.
& AL.

It is, therefore, ordered, adjudged and decreed, that the judgment of the court of probates be affirmed with costs.