## NEW ORLEANS, MAY, 1870. 343

Wharton et al. v. Executors of Wm. Silliman and Heirs of Thos. Silliman.

No. 2710.—B. F. WHARTON, Tutor, et al. *v.* Executors of WILLIAM SILLIMAN and Heirs of THOS. SILLIMAN.

In the testament of William Silliman appeared the following clause: "Item 8.—I give and bequeath to the children of my late brother, Thomas Silliman, one-fourth of the remainder, to be divided equally with those that may be living at my death." The children of a daughter of Thomas Silliman, who had died before the date of the testament, brought suit to be recognized as legatees under the will Held—That the term "children," as used in this testament, only included the children of Thomas Silliman, that might be living at the death of the testator, and did not include the descendants of those who had died before him; that their mother, having died before the date of the will, was not embraced among the legatees, and her children could not succeed to her; that the grandchildren could not inherit under this clause in the will.

A PPEAL from the Parish Court of East Feliciana. *Boedicker*, Parish Judge. *McVea & Kilbourne* and *Muse & Philips*, for plaintiffs and appellees. *Cross & Hardee* and *D. J. Wedge*, for defendants and appellants.

HOWELL, J. The plaintiffs claim to be recognized as legatees under the will of their deceased granduncle, William Silliman, by virtue of the following provision of his said will:

"*Item* 8.—I give and bequeath to the children of my late brother, Thos. Silliman, one-fourth of the remainder, to be divided equally with those that may be living at my death."

They are admitted to be the grandchildren of the said Thomas Silliman, and the only children of his daughter, Caroline C. Silliman, deceased, wife of B. F. Wharton.

It was argued, in this court, that, as the record is silent as to the date of the death of Mrs. Wharton, the mother of the plaintiffs, and their relationship is admitted, as set forth in the petition, it may be inferred that she died since the testator, and therefore they are entitled to inherit or receive in her right.

If any doubt existed as to the effect of the admission, under the pleadings, as to this fact, the case would have to be remanded for evidence thereon, as the point was not raised or passed on in the lower court, and does not appear to be properly presented in the record.

But it is inconsistent with plaintiffs' theory of the case, and the right by which they claim to be recognized as legatees, under the will. Their theory is, that the word "children," used in the above clause of the will, includes grandchildren, and that, as such, they are legatees in their own right. This is made evident in their first brief filed, in which it is said: "The *sole* question for the consideration of the court, relates to the signification of a single word—and that word is *children*." The inference suggested is not warranted.

In support of their claims, which were recognized by the court *a qua*, they cite:

*First*—Article 3522, which says: "Whenever the terms of law, employed in this Code, have not been particularly defined therein,

they shall be understood as follows: "No. 14—*Children.*—Under that name are comprehended, not only the children of the first degree, but the grandchildren, great-grandchildren, and all other descendants in the direct line."

It is clear, from the language of this article, that this definition is confined to the word as used as a term of law in the Code itself, and to be applied where the context may require a construction or interpretation of its scope, but not when used in the ordinary affairs of men, or in written instruments, containing or evidencing their agreements, or the disposition of their property.

Men, in their dealings and writings, use words in their most known and usual signification. When referring to the family relations, terms are used in their common meaning and acceptation, to designate the classes or degrees intended. Thus, parent and child, mean either father or mother, and son or daughter, the immediate progeny of the parent. If another degree is meant, the appropriate term is used; thus, grandparent, and grandchildren. A man, in speaking of, or providing for, his children, will refer to the issue of his body, direct, and not to the issue of his issue. A father's authority is over his immediate children; and, as they become parents, their authority is over their children, and so on, in succession. And in this feature in the respective domestic relations, may originate the limitations to the meaning of the terms ordinarily used. Nature suggests and maintains the respective distinctions, and directs the thought or mind to the several successive degrees of relationship only when the distinctive appropriate terms are used.

The plaintiffs exemplify this in the description which they give of themselves in their petition. They describe themselves as *grandchildren*, not children, of Thomas Silliman—as the children of Caroline Silliman, one of his children, and yet invoke a cold, technical definition of law to prove themselves to be considered as the *children* of Thomas Silliman.

Without mentioning the various categories in which the word "children" comprehends also the grandchildren, great-grandchildren, and other descendants in the direct line, when the Code is fixing the rights and obligations of persons, it is sufficient, in this case, to say, that the Code does not imply that the word shall have so comprehensive a signification, whenever used by any one in common conversation, or in making contracts for the support and education of the members of his family, or in constituting heirs or legatees to his estate.

They next cite the second clause of article 1480, C. C., which says: "Under the name of *children*, are included descendants, of whatever degree, it being understood they are only counted for the child they represent."

The meaning of this clause, in the connection in which it occurs, is plain. It describes who are forced heirs—those in the direct descending line, whose legal right of inheritance is fixed in the section of which the article is a part. But it recognizes the distinction of degrees, and declares, specially, that those of each degree shall stand for the *child* they represent, and not equally with such child. It is the law, speaking for itself, and declaring whom it intends to embrace in its own provisions, but not establishing a lexicon for ordinary uses. It does not say that the grandchildren of a man are his children, but it establishes a legal right in favor of children and their descendants—a right not involved in this controversy.

The next authority relied on, is the case of Poydras *v.* Poydras, 1 La. 153, which is rather adverse than favorable to plaintiffs' position. It simply decides that a grandniece is not embraced in the term nieces, used by the testator.

We conclude that the term "children," need not, necessarily, include grandchildren, when used in a will.

Reverting to the clause of the will under consideration, and construing it by the rule announced in article 1705, C. C., cited by plaintiffs, we experience little difficulty in determining who are the legatees therein constituted. They are only such children of Thomas Silliman, the brother of the testator, as were living at the date of the testator's death; and, as the mother of plaintiffs was not living at that date, she was not embraced among the legatees, and her children could not succeed to her, no right having vested in her, and they were not included in the expression "the children of my late brother, Thomas Silliman;" for the portion bequeathed to that branch was "to be divided equally among those who were living at the death of the testator."

If the plaintiffs were embraced or comprehended in the word "children," used in this clause of the will, they would each be entitled to the same share or proportion as their uncles and aunt, and not to a child's portion, in right of their mother.

They are not legatees or beneficiaries, under the will.

It is therefore ordered that the judgment appealed from be reversed, and that there be judgment in favor of the defendants, with costs in both courts.

Rehearing refused.