ELLIS, Judge:
Anne Miller de Lassus died testate on July 8, 1970, leaving no forced heirs. She left two olographic wills, both dated September 30, 1963, the dispositive provisions of which are identical and read as follows:
“I give and bequeath to my nieces Ann M. Bilbray and Inez M. Lamantia my home here in Ethel and all the furniture. No furniture to be removed from the house.
“.any other property or money E may have, at my death, is to be divided to my brother’s children, Henry W. Miller.”
At the time of the death of Mrs. de Las-sus, there were four living children of Henry W. Miller: Mrs. Edna Miller Span-ler, Mrs. Inez Miller Lamantia, Mrs. Anne Miller Bilbray, and Mrs. Dorothy Miller Hazel. He also left four grandchildren, Robert A. Miller, Philip A. Miller, Thomas B. Miller and Frederick A. Miller, children of his deceased son, William Henry Miller.
Mrs. Hazel formally renounced the succession of her aunt, and Mrs. Spangler, Mrs. Lamantia and Mrs. Bilbray were sent into possession of the estate by ex parte judgment dated October 28,1970.
This suit for nullity of the judgment of possession was filed by the above named grandchildren of Henry W. Miller, alleging that they are “children” of Henry W. Miller under the provisions of Article 3556(8) of the Civil Code, and alleging fraud on the part of the other legatees under the will, as well as on the part of the executor, Clarence Spangler. They further demand on accounting of their alleged legacies from the said legatees.
*529 Mrs. Spangler, Mrs. Lamantia, Mrs. Bil-bray and Mr. Spangler answered and reconvened for damages allegedly resulting from the allegation of fraud on their parts.
By stipulation, the matter was submitted to the court on all of the pleadings contained in the record. Thereafter, the court rendered judgment dismissing the main demand, and stating:
“No evidence having been submitted by said defendants on their demand in re-convention, same is considered abandoned.”
From that judgment, the plaintiffs have appealed and the defendants have answered the appeal, praying that they be awarded judgment on their reconventional demand.
Article 3556(8) of the Civil Code provides as follows:
“8. Children—Under this name are comprehended, not only the children of the first degree, but the grandchildren, great-grandchildren, and' all other descendants in the direct line.”
Plaintiffs argue that the word “children” in the will of Mrs. de Lassus must be given the same meaning, and they should be recognized as “children” of Henry W. Miller and legatees under the will probated herein.
The point has already been decided adversely to plaintiffs’ contention in Wharton v. Executors of Silliman, 22 La.Ann. 343 (1870). In that case, the court held that the word “children” when used in a will, was to be given its ordinary significance, and that the definition of the term in the Code had application in interpreting its provisions, but “not when used in the ordinary affairs of men.” See Poydras v. Poydras, 1 La. 153 (1830).
With respect to the reconventional demand, we find that defendants are not entitled to the relief sought herein because their cause of action has not yet arisen, and will not arise until the judgment dismissing the main demand becomes final. Calvert v. Simon, 311 So.2d 13 (La.App. 2 Cir. 1975).
The reconventional demand was properly dismissed, but the dismissal should have been without prejudice, since the cause of action sued on has not yet arisen. The exception of no cause of action may, of course, be supplied by the court on its own motion. Article 927, Code of Civil Procedure.
The judgment appealed from is therefore amended so as to dismiss the reconventional demand without prejudice, and, as amended, it is affirmed, at plaintiffs’ cost.
AMENDED AND AFFIRMED.