## No. 1242.

SUCCESSION OF JOSEPH L. TUGWELL, MARY A. RUSSELL AND JOSEPHINE RUSSELL, OPPONENTS.

Left in necessitous circumstances, a widow dies without having received from the succession of her husband the $1000 to which she had a right.

She having no minor heirs, her heirs by a previous marriage can not claim this amount in preference to the creditors and heirs of the deceased husband.

The right of the widow is personal, and before it has been received it does not form part of her succession which descend to her heirs.

It is a right which must be asserted and reduced to possession, be demanded and received before it is vested in the party.

A judgment obtained by the widow for the amount is not any more heritable than the claim itself prior to its possession.

The law mentions the widow and the minors as the beneficiaries. The opponents are not minors, nor are they in necessitous circumstances, nor are they descendants of the deceased from whose estate they are demanding the $1000.

The widow having died before it was bestowed on her, before it was severed from the estate, and before possession, these major heirs can not recover.

The judgment, since it was rendered, has become void. The plea of *res adjudicata* is not maintained.

APPEAL from the Third District Court for the Parish of Union. Barksdale, J.

*Dawkins & Dawkins* for the Administrator, Appellee:

The right to the $1000 is a personal one, and depends upon the condition of the person in whose favor it is granted. It is not a right that vests irrevocably in full property in such person, and forms a part of her succession which descends to her heirs. It is a right that must be asserted and reduced to possession, demanded and received, before it can be vested in the party. The law in its spirit and its object simply provides a support for the widow or children of the deceased. It does not regulate the rights of property or descent. It is the necessitous condition of the widow and minor children that are to be relieved. If they are relieved by inheritance, *death*, or otherwise, there is no right to the bounty. 28 An. 832.

Where the husband dies, leaving the widow in necessitous circumstances, and she shortly afteward dies, her major heirs can not claim the $1000, as having inherited it from their mother. 30 An. 669.

The taking by the widow of the $1000 is conditioned upon the fact that there are no descendants of the previously deceased husband. 13 An. 378.

When a widow is left in necessitous circumstances, but dies without claiming the homestead privilege from the succession of her husband, who died without descendants, her heirs by a previous marriage can not claim said privilege in preference to the heirs or creditors of the said husband. 35 An. 371; 28 An. 832.

The allowance of $1000 is in derogation of common right, and should be strictly construed. 11 An. 67; 22 An. 444, 805, 979; 33 An. 240; 28 An. 212; 31 An. 31; 34 An. 545.

As the major heirs of the deceased husband can not claim the $1000 (30 An. 669), then much less could the major heirs of the deceased wife claim it.

Circumstances may arise after the rendition of a judgment that will render it inoperative and void. 40 An. 286.

If anything should happen to destroy the force of a judgment, it will cease to have effect either against the parties or their heirs. 34 An. 170.

Judgments homologating accounts in insolvent successions do not invariably constitute *res adjudicata*. 35 An. 343.

A judgment recognizing a claim against a succession has generally no greater force in law than an acknowledgment of the claim by the administrator. 34 An. 343.

A judgment neither creates, adds to, nor detracts from a debt. It only declares its existence, fixes its amount, and secures to the creditor the means of enforcing its payment. 10 R. 412; Hennen's Digest, 726, No. 8.

To sustain the plea of *res adjudicata* the parties must be identical. 7 An. 665.

The plea of *res adjudicata* can not be opposed to an action of which the very object is the interpretation of the judgment pleaded in bar. 32 An. 1245.

The plea of *res adjudicata* is *stricti juris*, and in case of doubt should be interpreted against the party pleading it. 7 An. 665.

Succession of Tugwell.

*Everett & Thomas* for Opponents and Appellants:

1. Under the Act of the Legislature of March 17, 1852, when there are no minors of the husband, the amount due to the widow in necessitous circumstances is received by her in full property, and she is not bound to give security. 12 An. 885; 41 An. 717; 13 An. 257, 378.
2. A widow or minor children must be residents of the State at the time of the death of the husband or father, in order to obtain the benefit of the homestead act. 18 An. 36.
3. The amount due the necessitous widow being sued for by her, liquidated and settled by a judgment, is her property absolutely, and descends to her heirs at her death, if there are no minor heirs of the husband. 41 An. 717; 13 An. 257, 378.
4. Where a judgment is rendered against a party, his recourse to have it changed is by appeal. He can not disobey the orders of the court, and disregard the recitals of a judgment, without a direct action to annul it; and the plea of *res adjudicata* must prevail. 14 An. 227; 1 An. 93; 31 An. 212.

The opinion of the court was delivered by

Breaux, J.   The administrator presented a provisional account to be homologated.

The assets of the succession to be distributed amount to $2285.02.

In 1889 Mrs. M. E. Tugwell, wife of Joseph L. Tugwell, brought suit against the administrator to recover $1000 from decedent's estate as a widow in necessitous circumstances. She obtained judgment for the amount. Before realizing anything on the amount decreed to be due, she died, leaving no minor heirs.

Mrs. Josephine Tugwell and Mrs. Mary Russell, daughters of Mrs. M. E. Tugwell by a previous marriage, opposed the homologation of the account and the payments the administrator applied to be authorized to make.

There were no children born of the marriage of Joseph L. Tugwell and Mrs. M. E. Tugwell.

No minors claim the bounty under the Act of 1852. The contest lies between the administrator representing the succession and the heirs of the widow, issue of a former marriage.

In support of their opposition, they contend that they are the only heirs of the decedent; that she was a judgment creditor for $1000, which descends to them.

That the judgment recognizing the widow's right has the effect of *res adjudicata*, and that the administrator should be ordered to pay it in preference to all other claims.

Opponent's claim was rejected by the district court and they have appealed.

56

The law upon which opponents base their claims does not include the major heirs of the deceased widow, for it provides that the widow or minor heirs of a deceased person left in necessitous circumstances shall be entitled to demand and receive from the succession of the deceased husband and father a sum which, added to the amount of property owned by them, will make up the sum of $1000.

The opponents have no right to this portion.

In 30 An. 669 the facts were that the husband left a widow in necessitous circumstances and four children, all of age.

The widow died a short time after her husband.

The administrator declined to carry the claim of these heirs on his account.

The court, in maintaining the administrator's account, held that "the children meant throughout the Act are those descriptively mentioned in the first clause as the 'minor children' of a deceased person" for whose benefit alone the bounty provided by the Act was intended.

Clearly the children of age of a previous marriage can not inherit from the mother's succession the widow's portion not collected by her, or reduced to possession prior to her death.

In opposing the distribution, they urge that they inherit from their mother, who became entitled *eo instanti* at her husband's death to $1000 as the widow's portion. That the amount belonged to her in full property.

They also earnestly argue that the widow's claim, having been put in judgment, became unalterable and vested in her as completely as if the amount had already been paid to her.

That it had become an inheritable right to which they were entitled as the representatives of their mother.

Opponents, in support of their claim, cite 13 An. 257, also the case of Welsh vs. Welsh, 41 An. 717, which settle affirmatively the absolute ownership of the widow where there are no minors of the husband.

The question decided in each of these cases was decided contradictorily with the widow asserting her rights.

The administrator sought to make the widow furnish bond as usufructuary. In each case it was decided that where there are no descendants of the husband, the amount due the widow is received by her in full property and she is not bound to give security.

These decisions fully settle that question, but are not authority when the heirs of the widow claim the bounty by virtue of inheritance.

There are other decisions more direct in their application.

In the Robertson Succession, 28 An. 832, the court held " when a widow is left in necessitous circumstances, but dies without claiming the homestead privilege from the succession of her husband, her heirs by a previous marriage can not claim the bounty in preference to the heirs or creditors of the husband."

This case is hand in hand with the case at bar. The facts are similar, with only the difference that Mrs. M. E. Tugwell obtained a judgment for the amount before she died.

In the case cited it was decided that the amount must be in possession before it becomes the property of the widow and inheritable.

A similar conclusion was reached in the case of John Durkin, 30 An. 669.

The amount in that case also had not yet been collected. It, therefore, remained in the succession of the deceased husband, to be appropriated to the payment of his debts.

In Successions of Nies and Hebert, 35 An. 371, the principle settled in the decisions before cited was reaffirmed.

In that case the widow left in necessitous circumstances died without claiming the $1000 reserved to her by law.

The three minor grandchildren were allowed the amount to the exclusion of the major children, not as an inheritance, but because in contemplation of law they could inherit from their grandfather.

The opponents plead the judgment obtained by their late mother as an inheritable right.

A judgment does not create any right. It decrees its existence and makes it executory and secures a method to enforce payment.

If the right of inheritance existed at all, it was not affected in any respect by the judgment.

The major heirs can not recover this amount by representation of their mother's succession. This we have seen is no longer an open question.

A judgment obtained, as in the case at bar, will not secure a right declared in at least three cases not to be recoverable.

The opponents have also presented the plea of *res adjudicata* to maintain the judgment obtained by their late mother.

If the amount were allowed these heirs the succession would be insolvent.

The judgment is not binding on the heirs and creditors any more than a claim presented to an administrator and which he has promised to pay in due course of administration. 34 An. 543.

Since the judgment was rendered it has became void and of no effect.

It was granted on account of the necessitous circumstances of Mrs. Tugwell.

Her death put an end to the necessity of allowing the bounty. In addition, the plea of *res adjudicata* can not be opposed to the rights of parties not identical with those in the suit in which the judgment was rendered.

The widow's portion was intended for the helpless.

The technical plea invoked will not prevail to change the destination—of the amount allowed—and to make parties its beneficiaries who are not included within the terms of the statute.

The judgment appealed from is correct, and is affirmed at appellant's costs.