O’NIELL, C. J.
 

 (dissenting). It seems to be conceded in the majority opinion, for it could hardly be disputed, that the articles 21 and 361 of the Code of Practice, which declare that án action is not abated by the death of one of the parties after an answer to the suit has been filed, are not applicable to an action founded upon a nonheritable' right of action or to an action founded upon a nonheritable obligation. Article 21 merely declares: “Actions do not abate by the death of one of the parties, after answer filed.” That means simply that, in cases where the right of action is transmissible by the law of inheritance, the heirs of the plaintiff are not required to commence the action anew if he dies after the defendant’s answer is filed, and that, in cases where' the obligation sued on is transmissible by the law of inheritance, the plaintiff is not required to commence the . action anew against the heirs of the defendant if he dies after his answer is filed. Article 361 of the Code of Practice gives the explanation, viz.:
 

 “If after issue joined either the plaintiff or defendant die, it is not necessary to recommence the action; it continues between the surviving party and the heirs of the one deceased, pursuant to the provisions enacted in the first part of .this Code.”
 

 The most pertinent of the “provisions enacted in the first part of this Code” are in article 113, which declares that, if the right of action is transmissible by inheritance, and the plaintiff dies, the right of action passes to his heirs, but that each heir can claim only his proportionate share of the right, just as each heir is bound only for his proportionate or virile share of the debts of the deceased.
 

 Article 943 of the Civil Code explains, beyond all doubt, that the articles of the Code of Practice on the subject of
 
 abatement of actions
 
 do not mean that a nonheritable right of action or a nonheritable obligation is converted into a heritable right of action, or a heritable obligation, as the case may be, by the filing of an answer to the suit on such right of action, or obligation. The article declares:
 

 “Thus the extent of the rights of the deceased regulates those of the heir, who succeeds to all his
 
 rights which can be transmitted, that is, to all those which are not, like usufruct, attached to the person of the deceased.”
 
 (The italics are mine.)
 

 In Gerling v. Baltimore & Ohio Railroad Co., 151 U. S. 673, 14 S. Ct. 533, 38 L. Ed. 311, which was an action for damages for personal injuries, the court had occasion to construe certain articles of the Code of West
 
 *615
 
 Virginia, similar to articles 21 and 361 of our Code of Practice, and the court said:
 

 “The personal representatives of a deceased party to a suit cannot prosecute or defend the suit after his death, unless the cause of action, on account of which the suit was brought, is one that survives by law.
 

 “In West Virginia, no action for personal injury can be maintained by the executor or administrator of the person to whom the wrong was done, except for a wrongful act, neglect or default causing death.
 

 “Where in an action for personal injuries the judgment was against the plaintiff, and he has died since the action was brought to this court by writ of error, the writ of error will be dismissed.”
 

 In the course of the opinion in the case quoted, the court said:
 

 “In an action for personal injury, a similar decision was made in England under the Common Law Procedure Act of 1852, Stat. 15 & 16 Vict. c. 76, which provided, in section 135, that ‘the death of a plaintiff or defendant shall not cause the action to abate, but it may be continued as hereinafter mentioned.’ * * * It was argued for the plaintiff that section 135, which was not restricted to actions the' cause of which survived, was quite large enough in its terms to include the cash. But the court held that the section was not intended to give any new right of action, but only to prevent the proceedings abating by the death of the plaintiff, and to permit the personal representative to continue them, when he could have brought an action; Mr. Justice Crompton saying, ‘It would be a strange thing to hold that these sections which relate merely to matters of procedure, had the effect of doing away with the ancient common law rule — actio personalis moritur cum persona.’ Flinn v. Perkins, 32 L. J. Q. B. 10, 11; 8 Jur. N. S. 1177.
 

 “That case does not appear to have ever been overruled or questioned, although it was cited by counsel in Kramer v. Waymark, L. R. 1 Exch. 241, 4 Hurlst. & C. 427; and again in Hemming v. Batchelor, L. R. 10 Exch. 54, 44 L. J. Exch. 54. * * *
 

 “In Green v. Watkins, 19 U. S. (6 Wheat.) 260, 262 (5 L. Ed. 256) it was said by Mr. Justice Story, following Tidd’s Practice, 1096, that a writ of error in a personal action would not abate if the plaintiff in error died after assignment of errors. But the case before the court was a real action, in which, as he observed, the right descended to the heir. And there is nothing in Tidd’s Practice, or in the authorities there cited, which countenances the theory that a writ of error in action, the cause of which would not survive, either to heirs or to personal representatives, would not be abated by the death of the only person who could maintain the action.”
 

 The ruling in Chivers v. Roger, 50 La. Ann. 57, 23 So. 100, was that an action for damages for personal injuries, being strictly personal and not transmissible by inheritance except to the extent allowed by the amendments of article 2315 of the Civil Code, was, except to that extent, abated by the death of the plaintiff at any stage of the action. That decision is applicable to an action pending on appeal, as well as to an action pending in the court of original jurisdiction.
 

 In the case of Kerner v. Trans-Mississippi Terminal Railroad' Co., 158 La. 857, 104 So. 741, we said:
 

 “A right of action for damages for personal injuries is not inheritable under the common law, and was not under the civil law. Unless a statute declares that such right of action shall survive in case of the death of the person'injured, it is abated by his death, whether he dies as a result of the injury or from some other cause, and whether he has or has not instituted a suit to recover the damages suffered. Hubgh v. N. O. & C. R. Co., 6 La. Ann. 498, 54 Am. Dec. 565; Walton v. Booth, 34 La. Ann. 913; Chivers v. Rogers, 50 La. Ann. 57, 23 So. 100; Huberwald v. Orleans R. Co., 50 La. Ann. 477, 23 So. 474.
 

 “There is no right of action at common law, and there was none under the Roman or the Spanish law, for damages, caused by the wrongful or negligent killing of a human being, for the loss of his support, or for mental suffering inflicted upon any one surviving him, by his death. Hermann v. N. O. & C. R. Co., 11 La. Ann. 5; Earhart v. N. O.
 
 &
 
 C. R. Co., 17 La. Ann. 243; McCubbin v. Hastings, 27 La. Ann. 713; Vredenburg v. Behan, 33 La. Ann. 627; Van Amburg v. V., S. & P. Ry. Co., 37 La. Ann. 650, 55 Am. Rep. 517; Delisle v. Bourriague, 105 La. 77, 29 So. 731, 54 L. R. A. 420. Therefore a statute that gives the right of action to survivors of the person injured, in case of his death, must be construed strictly, and not extended to any other survivors than those who were surely intended to be included and are in fact mentioned in the statute; and the rule applies as well to the right of action
 
 *617
 
 which the deceased person had for the injuries suffered by him as to the right of action for the damages suffered by the survivors mentioned in the statute. Walker v. V., S. & P. Ry. Co., 110 La. 718, 34 So. 749; Payne v. Georgetown Lumber Co., 117 La. 983, 42 So. 475; Lynch v. Knoop, 118 La. 611, 43 So. 252, 8 L. R. A. (N. S.) 480, 118 Am. St. Rep. 391, 10 Ann. Cas. 807; Landry v. American Creosote Works, 119 La. 231, 43 So. 1016, 11 L. R. A. (N. S.) 387; Vaughan v. Dalton-Lard Lumber Co., 119 La. 61, 43 So. 926; Flash v. La. W. R. Co., 137 La. 352, 68 So. 636, L. R. A. 1916E, 112; Gerling v. Baltimore & O. R. Co., 151 U. S. 673, 14 S. Ct. [533] 503, 38 L. Ed. 311.
 

 “The Court of Appeal, in this ease, has construed article 2315, Civil Code, as amended by Act 159 of 1918, to mean that, if the survivor who acquires the right of action at the death of the person injured dies within the year after the death of the person injured, the right of action inures to the survivor or survivors next in rank, in the order in which they are named in the statute. That is not in accord with the language of the statute, or a necessary implication, and is contrary to the general rule that such a right of action is abated by the - death of a person having the right.”
 

 The decision in Vincent v. Sharp, 9 La. Ann. 463, was that an action for damages for tort, the cause of action in that case being assault and battery, was not abated by the death of the plaintiff, but might be continued by the curator of his estate. The decision was not based upon the fact that a judgment had been rendered in favor of the plaintiff in the trial court, or that the case was pending on appeal when the plaintiff died; it was based upon the articles of the Code of Practice on the subject of abatement of actions. The decision was not founded upon any reasoning or authority whatever. All that the court said on the question whether the action had abated was this:
 

 “Since the appeal, the plaintiff has died; and the curator of his estate has been made party. It is insisted, by the counsel of appellant, that a personal action for damages for a tort, expires with the person who instituted it. We are not aware of any such rule in our jurisprudence.”
 

 Such a rule, however, had been established in Hubgh v. New Orleans & Carrollton Railroad Co., 6 La. Ann. 498, 54 Am. Dee. 565, and it is now well settled by the 17 decisions cited in Kerner v. Trans-Mississippi Terminal Railroad Co., supra, and by that decision, that an action for damages for personal injuries is abated by the death of the person having such right of action, except to the extent to which article 2315 of the Civil Code, as amended from time to time, declares that the right of action shall survive. The decision in Vincent v. Sharpe, therefore, has been overruled many times, by implication, and it ought to be declared overruled. It was referred to in Edwards v. Ricks, 30 La. Ann. 926, and in Payne v. Georgetown Lumber Co., 117 La. 983, 42 So. 475, but it was not appropriate to either of those cases, and cannot be said to have been affirmed or approved.
 

 In other" jurisdictions a suit founded upon a right of action that is not heritable is abated by the death of the plaintiff after judgment has been rendered and while the ease is pending on appeal. In 1 C. .1. 167, it is said that “where the cause of action survives,” an action is not abated by the death of the plaintiff after judgment is rendered in the court of original jurisdiction and while the case is pending on appeal; and then it is said:
 

 “But where the cause of action is one which does not survive, the action abates as if the death had occurred before verdict, or interlocutory judgment or decision, unless, as in some states, it is saved by statute.”
 

 It is said in the majority opinion that there has been no decision of this court holding that, after a survivor, having the right of action under article 2315 of the Civil Code, as amended, has obtained a judgment for damages in the district court, his right of action lapses and is not transmitted to his heirs at law if he dies during the pendency of a
 
 *619
 
 suspensive appeal. This court has decided, however, that a nonheritable right of action is not converted into a heritable right by being merged into a judgment, but lapses if the party having such right dies before executing or recovering on the judgment. In the Succession of Tugwell, 43 La. Ann. 879, 9 So. 499, the widow sued and obtained judgment against the administrator of her husband’s succession for the $1,000 which she was entitled to as widow in necessitous circumstances, but she died before collecting on the judgment; and her major daughters, being her heirs at law, claimed that they had inherited the judgment. This court rejected their demand, saying:
 

 “They also earnestly argue that the widow’s claim, having been put in judgment, became unalterable and vested in her as completely as if the amount had already been paid. * * * A judgment does not create any right. It decrees its existence and makes it executory and secures a method to enforce payment. If the right of inheritance existed at all, it ivas not affected in any respect by the judgment. The major heirs cannot recover this amount by representation of their mother’s succession. This we have seen is no longer an open question.”
 

 It is not necessary to go that far in this case, because, when the plaintiff in this case died, he had not a final judgment. His action was pending in the Court of Appeal, a court having jurisdiction over questions of fact as well as of law, and having the same authority to reject his demand as the trial court had before rendering the judgment. >
 

 In Cassard v. Tracy, 52 La. Ann. 835, 27 So. 368, 49 L. R. A. 272, this court said, on the first hearing of the case:
 

 “Judgments of trial courts, by the law of this state, when once rendered and made final, as far as they can be so made by the action of such courts, become the property of those in whose favor they are given.”
 

 But on rehearing, the court reversed its former ruling, and said (page 855 [27 So. 376]):
 

 "The judgments which plaintiffs had recovered in the trial court were not final judgments. No vested rights had yet accrued. No indefeasible title in anything had passed.”
 

 That doctrine was affirmed in Bloomfield v. Thompson, 134 La. 923, 64 So. 853.
 

 I do not see how the ruling in this case can be reconciled with the decisions heretofore rendered on the subject of litigious rights. Article 2447 of the Civil Code forbids attorneys at law and officers of the courts to buy litigious rights under the jurisdiction of any court in which the attorneys practice or the officers exercise their functions, under penalty of nullity and of having to pay all costs, damages, and interest. Article 2652 declares that one against whom a litigious right has been transferred may become released from the obligation by paying to the transferee the price which he paid for the litigious right, with interest from the date of the transfer. Article 2653 says that a right is said to be
 
 litigious
 
 when there is a suit and contestation over it. It is well settled — and could not reasonably be disputed— that a litigious right does not lose its litigious character when the 'contest is decided in the court of original jurisdiction and is pending in the appellate court. In fact, it has been decided that a litigious right continues to be such if the judgment recognizing the right is in contest in an action to annul it. Buck & Beauchamp v. Blair & Buck, 36 La. Ann. 16.
 

 It seems anomalous to say that a right of action which is strictly personal and non-heritable is transmitted to the heirs of the plaintiff if he dies after having obtained a judgment or verdict from the trial judge or jury and while the case is pending on appeal. A verdict or judgment which has been appealed from, especially when the appeal is pending in a court having jurisdiction over the facts as well as the law of the case, is not at all decisive of the rights of the appel
 
 *621
 
 lee. I believe that a reference to the statistics would show that, in Louisiana, where the appellate courts have jurisdiction over questions of fact as well as of law, the verdicts of juries in favor of the plaintiffs in suits for damages for personal injuries are reversed or reduced more often than they are affirmed by the appellate courts. Why, then, should the plaintiff’s claim, in a suit on a right of action which is strictly personal and nonheritable, be considered as finally or virtually settled by a verdict in his favor, any more than it is finally or virtually settled by a verdict against him?
 

 The author of the majority opinion in this case attaches too much importance to the trite statement in article 548 of the Code of Practice that a judgment, when once rendered, becomes the property of him in whose favor it has been given, and that the judge cannot alter it except in the method provided by law. That is only declaratory of the fundamental proposition that after a judge has rendered a judgment he cannot reverse or amend it, to the prejudice of either of the parties, otherwise than by due process of law. The statement is as fundamental and as trite as to say that an unliquidated claim for damages belongs to him in whose favor the law grants the right of action, and the judge who has jurisdiction over the right of action cannot prevent its being exercised according to the method provided by law.
 

 Article 548 of the Code of Practice projects a defendant in whose favor a judgment has been rendered rejecting the plaintiff’s demand as well as it protects a plaintiff in whose favor a judgment has been rendered, allowing all or any part of his demand.
 

 In a very recent Louisiana case, Gulf Refining Co. v. United States, 269 U. S. 137, 46 S. Ct. 54, 70 L. Ed. 199, it was said:
 

 “An appeal is not a new suit in the appellate court, but a continuation of the suit in the court below, or, as this court has recently said,' ‘A proceeding in the original cause and the suit is pending until the appeal is disposed of.’ Mackenzie v. A. Engelhard & Sons Co., 266 U. S. 131, 142, 143, 45 S. Ct. 68, 69 L. Ed. 205, 208, 209, 36 A. L. R. 416. It is but a step toward the final adjudication of the original cause which the law allows quite as much as it allows a defense in the first instance. We are of opinion that within the- principle of the Louisiana rule the defendants continued in possession in-moral good faith until the final adjudication upon appeal.”
 

 In the decree which- the court has rendered in this ease, it is said, without any discussion of the merits of the case, that the judgment is affirmed in so far as it is in favor of the minor child, Lucia Casteliuccio. The judgment of the Court of Appeal in her favor was not subject to review, or reversal or affirmance, in this proceeding by writ of review, on the part of the heirs at law of Salvador Casteliuccio. The defendant, Clover-land Dairy Products Company, applied for a writ to review the judgment in favor of the minor child, Lucia Casteliuccio, and the application was denied by this court on the 23d day of May, 1927. See Salvador Castelluccio v. Cloverland Dairy Products Co., In re Cloverland Dairy Products Co., applying for review, etc., No. 28653 of, the docket of this court.
 

 I respectfully dissent from the opinion and decree rendered in this case.