(34 South. 749.)

No. 14,733.

WALKER v. VICKSBURG, S. & P. RY. CO.[*]

(April 27, 1903.)

WRONGFUL DEATH — PARTIES TO ACTION — MINOR GRANDCHILDREN—STATUTES —INTERPRETATION.

1. The right of action against a person who causes damage to another "in case of death shall survive in favor of the minor children" of the deceased. Act No. 71, p. 94, of 1884.

2. Minor grandchildren, under the statute, cannot recover damages for personal injuries to their grandfather, resulting in his death.

3. Children are descendants in the first degree.

4. Grandchildren are descendants in the second degree.

5. "Children," under the codal definition, may include "grandchildren."

6. But "minor" children do not include grandchildren who are minors, or those who are of age, or any other descendants more remote.

7. The statute limits the right to minor children.

8. The rules of interpretation and construction will not read in the law the word "minor," as preceding "grandchildren," when the statute restricts it to children.

---

[*]Rehearing denied June 25, 1903.

9. Legislation has recognized the right in minor children. The definition of the Code cannot be extended so as to include others than minor children.

10. Laws must be interpreted as written, when they are clear and free from ambiguity.

Monroe, J., dissenting.

(Syllabus by the Court.)

Appeal from First Judicial District Court, Parish of Caddo; Alfred Dillingham Land, Judge.

Action by George Walker, tutor, against the Vicksburg, Shreveport & Pacific Railway Company. Judgment for defendant, and plaintiff appeals. Affirmed.

Frank J. Looney and Charles Latham Gaines, for appellant. Wise, Randolph & Rendall, for appellee.

BREAUX, J. Plaintiff, tutor of the minors Beatrice and William Parker, claims damages from the defendant for personal injuries, because of the death of their grandfather Michael Walker, who was struck and killed by a box freight car of defendant company under circumstances, plaintiff charges, which render the defendant liable in damages to him.

These minors, we are informed by the record, are orphans, and were dependent upon their grandfather for support.

Defendant, in an exception, admitting the facts and raising a question of law, denies that plaintiff has a right of action.

The judgment of the district court sustained the exception of no cause of action, and from that judgment plaintiff prosecutes this appeal.

The question is whether the right of action passes from the ancestor to the grandchildren. Usually inheritance includes all the rights of the deceased.

An exception arises when the action is for a tort, as in this case.

If we look for a reason, we find it variously stated. By the common law it was laid down that the right was a personal right; and under the civil, also, it seems that the action for personal damages was only strictly personal. Hubgh v. N. O. C. R. Co., 6 La. Ann. 496, 54 Am. Dec. 565.

In time, it was urged before this court that the exception before mentioned fell and was made to cease by Article 2294 of the Code, looking to the liability of every person for the damage he causes. There was a remedy, it was contended by those who claimed right to recover, because this article recognized the right to sue and to recover for any damage caused by one person to another. This court held differently, as will be seen by the following:

"It cannot be denied that the commentators on the same article in the Napoleon Code seem to favor that opinion, and that the Court of Cassation has adopted it in two instances. Great as our deference is for that enlightened tribunal, we are unable to adopt their conclusions. The dispositions of article 2294 are found in the Roman and Spanish laws. So far from being new legislation, that article embodies a general principle as old as the science of jurisprudence itself, and it must still be understood with the limitations affixed to it by the jurisprudence of Rome and Spain." (Citing Domat, Lois Civiles, tit. "Damages," p. 180) Hubgh v. N. O. & C. R. R. Co., 6 La. Ann. 496, 54 Am. Dec. 565.

The question was discussed in the decision just cited with great ability and learning. It attracted the special attention of this court when a similar question was presented for decision subsequently, in Hermann v. Railroad, 11 La. Ann. 22. The court affirmed the Hubgh v. Railroad decision, cited supra.

In 1855 there was legislation regarding the remedy (Act No. 223, p. 270, of that session), and again in 1884 (Act No. 71, p. 94).

The view that the article of the Code (2294) enlarged the remedy for damages arising from torts has been answered in the negative.

This brings us to a consideration of the statute under which plaintiff claims that defendant is liable.

The statute, to the extent that it has any bearing, reads:

"The right of this action shall survive him, in case of death, in favor of the minor children or widow of the deceased, or either of them, for the space of one year from the death." Act of 1884, p. 94, No. 71.

The lawmaking power has given legislative sanction to the decisions, 6 La. Ann. 496, and 11 La. Ann. 22, except to the extent that the remedy is enlarged by the quoted statute.

The Act No. 71, p. 94, of 1884, was adopted with the interpretation which the court had placed upon the law before its adoption.

In the name of "minor children," are grandchildren included? A question it devolves upon us to answer. We think not. For it would then include all "grandchildren," whether majors or minors, although the statute had in view "minor children."

An article of the Civil Code reads, "Children of the first degree include grandchildren as well." Civ. Code, art. 3522.

In the statute of 1884 a subdivision of the group "children," when considered as heirs, was made; and to "minor children" was given the right to sue, but not to minor grandchildren.

The definition in the Code, art. 3522, is not the ordinary definition, as made evident by the lexicons, in which children are mentioned as one group, and grandchildren another.

This was the view expressed in Poydras v. Poydras, 1 La. 153, and afterward in Wharton v. Silliman's Ex'rs, 22 La. Ann. 344, in which it was decided that children need "not necessarily include grandchildren, when used in a will."

Whether we consider children in the ordinary sense, or as provided in article 3522 of the Civil Code, we do not think we should carry forward the word "minor," as placed in the sentence of the statute, so as to qualify "grandchildren," for then we would insert a word not in the statute, and this without the least authority.

Without the word inserted as just mentioned above, minor children would have the right to sue, and all adult grandchildren. Evidently this never was the intention of the Legislature.

The statute of 1884 (the last utterance of the Legislature upon the subject) designated "minor children" as the intended beneficiaries —no others. That is clear enough. It limits the right to "minor children," and does not extend to grandchildren, and less does it include "minor grandchildren."

The scope of judicial interpretation does not admit the right of reading other words into the law. It would be objectionable, and a species of legislative judicial action always to be avoided.

Legislation alone is adequate to the task of including one or more groups as having the right to sue, not previously included within the terms of the law.

The value of laws consists in generally receiving and interpreting them as written.

Accepting the statement of the brief, hard as the case may be, we must administer the laws as we find them in the books. We can only refer to our concluding paragraph in deciding Huberwald v. Railroad Co., 50 La. Ann. 477, 23 South. 474.

Our adherence to law and authority compels us to affirm the decree.

The law and the evidence being with defendant, the judgment appealed from is affirmed.

BLANCHARD, J., takes no part, not having been present at the consultation. MONROE, J., dissents.