563 So.2d 441 (1990)
Nancy Ann DAY, etc., et al.
v.
Jeff Arstile DAY, et al.
No. 89 CA 0708.
Court of Appeal of Louisiana, First Circuit.
May 30, 1990.
*442 C. John Caskey, Baton Rouge, for plaintiffs-appellants, Nancy Ann Day, etc., et al.
Scott T. Gegenheimer, Baton Rouge, for defendants-appellees, Jeff Arstile Day, et al.
Before CARTER, SAVOIE and ALFORD, JJ.
SAVOIE, Judge.
This is a suit by the children of Harry Day, Jr., as plaintiffs, against Jeff Arstile Day and Nelda Mae Day, Harry Day, Jr.'s only brother and sister.
The suit is styled a petition for damages based on quasi-contract and tort. Defendants filed exceptions of improper venue, no right of action and no cause of action in the trial court. The trial court subsequently sustained the exception of no cause of action.
Plaintiffs have appealed the ruling, alleging one assignment of error herein. The sole issue before this court, therefore, is whether the trial court erred, as a matter of law, in finding that LSA-C.C. art. 2315 does not allow succession law representation of a co-beneficiary in a survival action, when that co-beneficiary has predeceased the tort victim, even where suit was filed by the tort victim prior to the co-beneficiary's death.[1]

FACTS
The facts necessary to a resolution of this matter are not disputed. In 1985, Harry Day, Sr., the father of Harry, Jr., Jeff and Nelda Mae, instituted a suit for personal injuries based on his contraction of silicosis. On March 15, 1986, Harry, Jr. died and approximately two months later Harry, Sr. died, while his silicosis lawsuit was still pending. Harry, Sr. was pre-deceased by his wife. In June of 1986, Jeff and Nelda Mae substituted themselves as plaintiffs in Harry, Sr.'s silicosis suit pursuant to the class beneficiary system as set out in LSA-C.C. art. 2315 relating to survival actions. On January 7, 1988, Jeff and Nelda Mae, as substituted plaintiffs in the silicosis suit, settled with the defendants for the sum of $800,000.00. Plaintiffs herein, the children of Harry Day, Jr., then filed the instant suit alleging they are owed a portion of the silicosis suit settlement proceeds as representatives of Jeff and Nelda Mae's brother, Harry, Jr. As was stated earlier, defendants to the instant suit, Jeff and Nelda Mae, filed an exception of no cause of action to plaintiffs' petition, which was sustained by the trial court.
LSA-C.C. art. 2315, at the time in question, stated in pertinent part:
C. (1) The right to recover damages to property caused by an offense or quasi-offense is a property right which, on the death of the obligee, is inherited by his legal, instituted, or irregular heirs, subject to the community rights of the surviving spouse.
(2) As used in this Paragraph, property damages may include expenses or monetary obligations necessarily incurred by the obligee on account of such offense or quasi-offense; however, if the obligee is survived by any beneficiary enumerated in the following Paragraph of this Article, such expenses or obligations, shall be recoverable by said beneficiaries.
D. (1) The right to recover all other damages caused by an offense or quasi-offense, if the injured person dies, shall survive for a period of one year from the death of the deceased in favor of:
(a) the surviving spouse and child or children of the deceased, or either such spouse or such child or children;
(b) the surviving father and mother of the deceased, or either of them, if he left no spouse or child surviving; and
(c) the surviving brothers and sisters of the deceased, or any of them, if he left no spouse, child, or parent surviving.

*443 (2) The survivors in whose favor this right of action survives may also recover the damages which they sustained through the wrongful death of the deceased.
(3) A right to recover damages under the provisions of this Paragraph is a property right which, on the death of the survivor in whose favor the right of action survived, is inherited by his legal, instituted, or irregular heirs, whether suit has been instituted thereon by the survivor or not.
We find our brothers in the Second Circuit have ably decided this issue in Chatman v. Martin, 245 So.2d 423 (La.App. 2nd Cir.1971). In Chatman, the nieces and nephew of Richard Chatman, filed suit for his wrongful death. They claimed their right of action was conferred upon them through their representation of their father, Richard Chatman's brother. Because plaintiffs' father had predeceased Richard Chatman, our brethren held no right of action was conferred by LSA-C.C. art. 2315 upon their father. Therefore, they held no right of action was inherited by or conferred upon plaintiffs through inheritance from their father, who, at the time of his death, had no right of action.
We have also addressed a very similar issue in Austrum v. City of Baton Rouge, 267 So.2d 284 (La.App. 1st Cir.1972), affirmed in part, reversed in part on other grounds, 282 So.2d 434 (La.1973). In Austrum, the victim instituted a suit for personal injuries, then died. The trial court substituted the surviving children of the victim as plaintiffs in the suit and alternatively substituted the victim's grandchildren by a predeceased son. The trial court, upon rendering judgment, did not name the grandchildren as substituted parties. We held, on appeal, that in the case of an instituted delictual action the right of survivorship belongs to the survivors designated in LSA-C.C. art. 2315 and not to the victim's successor or heirs as such. We therefore held that the trial court correctly omitted the grandchildren from its judgment. See also Allen v. Burrow, 505 So.2d 880 (La.App. 2nd Cir.), writ denied, 507 So.2d 229 (La.1987).
The difference between the present case and Austrum is that it was not clear in Austrum whether the predeceased son was alive at the time the victim instituted the personal injury suit.
Plaintiffs, in the instant case, argue that because suit was filed by Harry Day, Sr. before Harry Day, Jr.'s death, it became a property right, which would differentiate it from a right of action. They argue the property right allows them, through representation, to recover the portion of the survival action due their father had he survived Harry Day, Sr., his father.
Herein the outcome is the same whether we view plaintiffs' contention as a right of action conferred by LSA-C.C. art. 2315, where suit has not been filed by the tort victim prior to his death, or we view it as a property right which may be conferred by the same statute, if the personal injury action has been filed prior to the tort victim's death. See Haas v. Baton Rouge General Hospital, 364 So.2d 944 (La.1988). The key, as set out in Haas, is that the designated beneficiary or heir must survive the tort victim. Here Harry Day, Jr., father of plaintiffs, did not. We therefore hold the trial court was correct in finding plaintiffs had no cause of action to recover proceeds from the settlement of the silicosis suit.
Additionally, we point out that while under LSA-C.C. art. 2315 plaintiffs had no right of action against the tortfeasor, they did have a right, as heirs of Harry Day, Jr., to bring a suit against their uncle and aunt for a violation of any contractual or quasi-contractual relationship or for tortious conduct. While they may have a right to bring such an action, their petition must also state a cause for such an action. We find no such cause of action stated in their petition. We do not remand for amendment because under the undisputed facts no cause of action could be maintained by plaintiffs against defendants for a share of the settlement proceeds. Where a petition cannot be amended to state a lawful cause of action a trial court is proper in dismissing the suit with prejudice *444 and without allowing plaintiff to amend the petition. See Johnfroe v. Children's Hospital, 537 So.2d 383 (La.App. 4th Cir.1988).
Costs of this appeal are to be paid by plaintiff-appellants.
AFFIRMED.
CARTER, J., dissents for reasons assigned.
CARTER, Judge, dissenting.
As the majority pointed out, at all times pertinent hereto, LSA-C.C. art. 2315 D provided as follows:
D. (1) The right to recover all other damages caused by an offense or quasi-offense, if the injured person dies, shall survive for a period of one year from the death of the deceased in favor of:
(a) The surviving spouse and child or children of the deceased, or either such spouse or such child or children;
(b) The surviving father and mother of the deceased, or either of them, if he left no spouse or child surviving; and
(c) The surviving brothers and sisters of the deceased, or any of them, if he left no spouse, child, or parent surviving.
(2) The survivors in whose favor this right of action survives may also recover the damages which they sustained through the wrongful death of the deceased.
(3) A right to recover damages under the provisions of this Paragraph is a property right which, on the death of the survivor in whose favor the right of action survived, is inherited by his legal, instituted, or irregular heirs, whether suit has been instituted thereon by the survivor or not. (Emphasis added).
In Guidry v. Theriot, 377 So.2d 319 (La. 1979), the Louisiana Supreme Court discussed the rights afforded pursuant to this article, as follows:
On its face, Article 2315 ... appears to grant the designated beneficiaries two separate and distinct causes of action, totally unrelated to each other. First, beneficiaries are given the right to recover the damages which the victim suffered and would have been entitled to recover from the tort feasor, if the victim had lived. This is commonly referred to as the `survival action' which, by the express terms of the Article, survives the death of the injured party and passes to the beneficiaries as an inheritable property right. In addition, the named beneficiaries are granted the right, if the victim dies as a result of the tort, to recover from the tortfeasor such damages as the beneficiaries have suffered as a result of the victim's wrongful death. This is ordinarily denominated as the `wrongful death action.' (Emphasis added).
[377 So.2d at 322].
There is a significant difference between inheriting an instituted action and inheriting the right to institute an action. See Guidry v. Theriot, supra. In that case, the court determined that once an action has been instituted under LSA-C.C. art. 2315, the one-year prescriptive period of the article does not apply to the survival action, and the nonabatement and substitution provisions of the Code of Civil Procedure control.
More recently, in Nathan v. Touro Infirmary, 512 So.2d 352 (La.1987), the Louisiana Supreme Court expounded upon their decision in Guidry v. Theriot, supra, stating:
A logical extension of the holding in Guidry is that if the C.C. art. 2315 prescriptive period no longer applies once the suit has been instituted, neither does the limitations of beneficiaries. C.C. art. 2315 includes the phrases `right to recover' and `right of action.' Here, the victim has already asserted his right to recover so there is no need to provide who will inherit his right to the action. The victim himself has made this decision by instituting suit, creating a property right which is heritable even if there are no C.C. art. 2315 beneficiaries in existence.
[512 So.2d at 355].
The court in Nathan v. Touro Infirmary, supra, held that, once a survival action suit was instituted, a heritable property right was created.
*445 In the instant case, Harry Day, Sr. filed suit for personal injuries based on his contraction of silicosis. Harry, Jr., son of Harry, Sr., died, and approximately two months later, Harry, Sr. died while his silicosis lawsuit was pending. Harry, Sr.'s wife had predeceased him, therefore, at the time of Harry, Sr.'s death, he was survived by two children, defendants Jeff Arstile Day and Nelda Day, and five grandchildren, plaintiffs.[1] As Harry, Sr., prior to his death, instituted a survival action, a heritable property right existed, which legally belongs to Jeff Arstile Day, Nelda Day, and the heirs of Harry, Jr.[2] I respectively submit that the majority opinion excluding the grandchildren from inheriting this property right is in error, and the judgment of the trial court should be reversed.
NOTES
[1] The since amended provisions of LSA-C.C. art. 2315 applicable herein are now contained in LSA-C.C. art. 2315.1.
[1] Plaintiffs are the children of Harry Day, Jr.
[2] It is noteworthy that defendants' settlement with the tortfeasors included damages for Harry, Sr.'s survival action and their own wrongful death action. Under the law, the grandchildren, plaintiffs, are not entitled to wrongful death benefits.