GUIDRY, J.
|2The grandchildren of a tort victim that died as a result of a trip and fall accident appeal a judgment of the trial court sustaining exceptions based on the objections of no right and no cause of action that resulted in the dismissal of their wrongful death claims. Finding no error in the ruling of the trial court, we affirm.
FACTS AND PROCEDURAL HISTORY
According to the pleadings, Erna Lee Burch tripped on an uneven portion of flooring at a local Hancock Bank branch and fell. As a result of her fall, Ms. Burch sustained severe injuries for which she was hospitalized and eventually died. On October 30, 2007, Ms. Burch’s daughter, Ruth Burch Stogner, Ms. Burch’s grandchildren: Holly Jones Cannizzaro, Kimberly Michelle Horning, and Harold Colby Burch, and the Estate of Erna Lee Burch (“the Estate”), through Ms. Stogner, as executrix of her mother’s estate, filed a petition for wrongful death and survival action damages against Hancock Holding Company, doing business as Hancock Bank of Louisiana, and an unknown insurance company. The plaintiffs later amended their petition to cite Hancock Bank of Louisiana, Inc. (Hancock Bank) and Pacific Indemnity Company as the properly named defendants.
*745 In response to the original and amended petitions, Hancock Bank filed dilatory exceptions urging the objections of vagueness, ambiguity, and lack of procedural capacity and peremptory exceptions urging the objections of no right and no cause of action.[1] Thereafter, Hancock Bank filed an answer to the plaintiffs’ original and amended petitions generally denying all allegations of liability. Pacific Indemnity Company likewise answered the plaintiffs’ petitions by |aadopting and thereby restating, realleging, and reaverring the answer filed by Hancock Bank.
Prior to the hearing on the dilatory and peremptory exceptions raised by Hancock Bank, the plaintiffs again amended their petition to state the legal and biological relationship of each plaintiff to the decedent, to declare that the decedent was survived by two daughters,[2] as well as three grandchildren, and to alternatively assert that to the extent that La. C.C. arts. 2315.1 (survival action) and 2315.2 (wrongful death action) barred the claims of the grandchildren plaintiffs, such statutes are unconstitutional for denying them equal protection of the law. At the hearing on the exceptions raised by Hancock Bank, the trial court overruled the dilatory exceptions raising the objections of ambiguity and vagueness, finding the plaintiffs’ amendments of the petition adequately resolved those objections. The trial court sustained the dilatory exception objecting to Ms. Stogner’s procedural capacity to file suit in her capacity as executrix on behalf of the Estate. The trial court also sustained the peremptory exceptions raising the objections of no right and no cause of action as to the claims of the grandchildren and the Estate, but the written judgment signed by the trial court dismissed the claims of the grandchildren and the Estate on the basis of sustaining the peremptory exceptions- only. It is from the written judgment, signed September 24, 2008, that the plaintiffs now appeal.
ASSIGNMENT OF ERROR
On appeal, plaintiffs complain that the trial court committed the following error in rendering the judgment appealed herein:
The trial court erred in granting [Hancock Bank’s] Dilatory Exception of Lack [of] Procedural Capacity and Peremptory Exception of No Right and Cause of Action and failing to find that [La. C.C. art. 2315.1] and [La. C.C. art. 2315.2] violated Plaintiffs’ right to Equal Protection under the Louisiana Constitution. Further, |4the trial court erred in strictly construing [La. C.C. art. 2315.1] and [La. C.C. art. 2315.2] because the rights [afforded] parties under both Articles have long been established [with] Civil Law and it is simply a notion that they are statutory constructions that can only be strictly construed.
DISCUSSION
The legislature and courts of this state have never at any time recognized the principle that every loss of a personal relationship, resulting from a delict, is compensable. Branch v. Aetna Casualty & Surety Company, 370 So.2d 1270, 1273 (La.App. 3d Cir.), writ denied, 374 So.2d 660 (La.1979). That the wrongful death *746 and survival actions are wholly creatures of the legislature is recognized historically and jurisprudentially. Levy v. State Through Charity Hospital of Louisiana at New Orleans Board of Administrators, 258 La. 73, 77, 216 So.2d 818, 819 (1968). Prior to the legislative enactment of the wrongful death and survival actions, Louisiana courts held that the general tort principle that “[ejvery act whatever of man that causes damage to another obliges him by whose fault it happened to repair it”[3] did not allow for such actions. See Levy, 253 La. at 76, 216 So.2d at 819; see also Hubgh v. New Orleans and Carrollton Railroad Company, 6 La.Ann. 495 (La.1851)(wherein whether there could be any grounds for an action for damages for the death of a human being, the court held: “[o]n general principles, the only private rights which laws recognize, and which constitutions are established to protect, are the rights of persons and the rights of property.... It appears to us, therefore, that without a special statute authorizing such actions, they cannot be maintained”).
Consequently, in 1855, by Act 223, the Louisiana Legislature first provided for the survival action. See Levy, 216 La. at 76 n. 4, 216 So.2d at 819 n. 4. Then in 1884, by Act 71, the legislature enacted the wrongful death action. See Levy, 216 La. at 76 n. 6, 216 So.2d at 819 n. 6. Over time, the two causes of action have evolved to the present form found in La. C.C. arts. 2315.1 and 2315.2, which state:
Art 2315.1. Survival action
A. If a person who has been injured by an offense or quasi offense dies, the right to recover all damages for injury to that person, his property or otherwise, caused by the offense or quasi offense, shall survive for a period of one year from the death of the deceased in favor of:
(1) The surviving spouse and child or children of the deceased, or either the spouse or the child or children.
(2) The surviving father and mother of the deceased, or either of them if he left no spouse or child surviving.
(3) The surviving brothers and sisters of the deceased, or any of them, if he left no spouse, child, or parent surviving.
(4) The surviving grandfathers and grandmothers of the deceased, or any of them, if he left no spouse, child, parent, or sibling surviving.
B. In addition, the right to recover all damages for injury to the deceased, his property or otherwise, caused by the offense or quasi offense, may be urged by the deceased’s succession representative in the absence of any class of beneficiary set out in Paragraph A.
C. The right of action granted under this Article is heritable, but the inheritance of it neither interrupts nor prolongs the prescriptive period defined in this Article.
D. As used in this Article, the words “child”, “brother”, “sister”, “father”, “mother”, “grandfather”, and “grandmother” include a child, brother, sister, father, mother, grandfather, and grandmother by adoption, respectively.
E. For purposes of this Article, a father or mother who has abandoned the deceased during his minority is deemed not to have survived him.
*747 Art. 2315.2. Wrongful death action
A. If a person dies due to the fault of another, suit may be brought by the following persons to recover damages which they sustained as a result of the death:
(1) The surviving spouse and child or children of the deceased, or either the spouse or the child or children.
(2) The surviving father and mother of the deceased, or either of them if he left no spouse or child surviving.
|fi(3) The surviving brothers and sisters of the deceased, or any of them, if he left no spouse, child, or parent surviving.
(4) The surviving grandfathers and grandmothers of the deceased, or any of them, if he left no spouse, child, parent, or sibling surviving.
B. The right of action granted by this Article prescribes one year from the death of the deceased.
C. The right of action granted under this Article is heritable, but the inheritance of it neither interrupts nor prolongs the prescriptive period defined in this Article.
D. As used in this Article, the words “child”, “brother”, “sister”, “father”, “mother”, “grandfather”, and “grandmother” include a child, brother, sister, father, mother, grandfather, and grandmother by adoption, respectively.
E. For purposes of this Article, a father or mother who has abandoned the deceased during his minority is deemed not to have survived him.
As such, the wrongful death and survival actions are considered sui generis and thus are not subject to the law of marriage, of parent and child, of inheritance, nor required to conform to civil law concepts. Levy, 253 La. at 77, 216 So.2d at 819. Neither the survival action nor the wrongful death action provide rights that are transmitted from the tort victim to the victim’s heirs in an inheritance sense. These rights do not pass through the victim’s succession. Rather, these rights are granted by special statute to specified survivors in order of exclusionary preference, and in the absence of any of the specified survivors, the rights are not transmitted to any other persons. Collins v. Becnel, 297 So.2d 506, 508 (La.App. 4th Cir.1974).
As early as 1903, in considering the classes of beneficiaries for wrongful death and survival actions, the Louisiana Supreme Court concluded that grandchildren are not among the classes of persons to which the law granted a right to assert such claims. See Walker v. Vicksburg, S. & P. Ry. Co., 110 La. 718, 721, 34 So. 749, 750 (1903). As the court observed in Walker: “Legislation alone is adequate to the task of including one or more groups as having the right to sue, not previously included within the terms of the law. The value of laws consists in generally receiving and interpreting them as written.” Walker, 110 La. at 721-22, 34 So. at 750. That conclusion was reaffirmed by the court in Hunt v. New Orleans Ry. & Light Co., 140 La. 524, 528-529, 73 So. 667, 668 (1916), which held:
Our conclusion is that the word ‘children,’ whether as used in the Civil Code or elsewhere, ordinarily applies to a distinct class of persons whose relations to those from whom they descend differ from the relations of grandchildren and other descendants, and, as used in the Code, that the word is to be so construed, with reference to the body of that law and to the immediate connection in which it is used, as to give it the meaning plainly intended.... We further conclude that the word ‘children,’ ... does not include grandchildren or more remote descendants, upon whom, *748 therefore, the article confers no right of action.
And our courts have maintained the determination that grandchildren are not among the classes of beneficiaries to which the law grants the remedy of the wrongful death and survival actions under the existing versions of the wrongful death and survival action statutes. See Day v. Day, 563 So.2d 441, 443 (La.App. 1st Cir.), writ denied, 567 So.2d 109 (La.1990); Mazoue v. Avondale Industries, Inc., 02-1569, pp. 2-3 (La.App. 4th Cir.1/22/03), 839 So.2d 171, 172-73, writ denied, 03-0542 (La.4/25/03), 842 So.2d 406. Hence, we find no error in the trial court’s ruling sustaining the objection of no right of action,[4] asserted by peremptory exception, based on the fact that grandchildren are not among the classes of beneficiaries to which the law grants the remedy of the wrongful death and survival actions.
We likewise find no merit in the plaintiffs’ alternative assertion that La. C.C. |8arts. 2315.1 and 2315.2 are unconstitutional violations of the plaintiffs’ rights to equal protection under La. Const, art. 1, § 3. That constitutional provision states, in pertinent part:
No person shall be denied the equal protection of the laws. No law shall discriminate against a person because of race or religious ideas, beliefs, or affiliations. No law shall arbitrarily, capriciously, or unreasonably discriminate against a person because of birth, age, sex, culture, physical condition, or political ideas or affiliations.
Generally, the state constitutional guarantee of equal protection mandates that state laws affect alike all persons and interests similarly situated. This guarantee does not remove from the legislature all power of classification, or require absolute equality or precisely equal advantages; the law merely requires equal application in similar circumstances. City of New Orleans v. Louisiana Assessors’ Retirement and Relief Fund, 05-2548, p. 36 (La.10/1/07), 986 So.2d 1, 26.
Under the Equal Protection Clause found in La. Const, art. 1, § 3, a court must decline enforcement of a legislative classification of individuals in three different situations:
(1) When the law classifies individuals by race or religious beliefs, it shall be repudiated completely;
(2) When the statute classifies persons on the basis of birth, age, sex, culture, physical condition, or political ideas or affiliations, its enforcement shall be refused unless the state or other advocate of the classification shows that the classification has a reasonable basis; and
(3) When the law classifies individuals on any other basis, it shall be rejected whenever a member of a disadvantaged class shows that it does not suitably further any appropriate state interest.
Board of Directors of Industrial Development Board of City of Gonzales, Louisiana, Inc. v. All Taxpayers, Property Owners, Citizens of City of Gonzales, 05-2298, p. 29 (La.9/6/06), 938 So.2d 11, 28 (quoting State v. Expunged Record (No.) 219,044, *749 03-1940, p. 9 (La.7/2/04), 881 So.2d 104, 110).
When a state law classifies individuals on a basis other than one enumerated in La. Const, art. 1, § 3, a member of a disadvantaged class has the burden of Showing that the challenged classification does not suitably further any appropriate state interest. Allen v. Burrow, 505 So.2d 880, 887 (La.App. 2d Cir.), writ denied, 507 So.2d 229 (La.1987). The wrongful death and survival action statutes classify individuals who may pursue the actions on the basis of the degree of legal relationship to the deceased, which is not a basis enumerated in La. Const, art. 1, § 3. The disadvantaged class includes those legal heirs not within the degree of relationship established by the statute. As such, the plaintiffs have the burden to show that the chosen classifications do not suitably further any appropriate state interest. See Allen, 505 So.2d at 887.
It has been recognized that, of necessity, the legislature was burdened with a need to place some reasonable limitation on the number of potential beneficiaries and that this limitation has obvious benefit to judicial efficiency and economy. Allen, 505 So.2d at 887. Nevertheless, plaintiffs argue that the classification does not suitably further the state’s interest due to the fact that in today’s society, a growing number of grandchildren live with and are supported by their grandparents instead of their parents. While the plaintiffs’ argument is well taken, we must nevertheless conclude that it is insufficient to establish that the classifications at issue do not suitably further an appropriate state interest.
There are many other instances in our society where persons live with and are supported by persons to whom they are not accorded the right to seek wrongful death or survival action damages, such as in the case of foster children or cohabiting, unmarried couples. And looking at the classes of persons to which the law does grant these remedies, such as siblings of the deceased, habitation and support do not appear to be the reason for the classification. Instead, the chosen classes reasonably embrace those individuals that are likely to be most affected by the death of the deceased and yet reflect a reasonably appropriate limitation on the right of action. Allen, 505 So.2d at 888. As such, we reject the plaintiffs’ equal |l0protection challenge of the wrongful death and survival action statutes and recognize that plaintiffs’ arguments would be better addressed to the Louisiana Legislature, as we have no authority to judicially expand the classes of beneficiaries to which the law grants the remedy of the wrongful death and survival actions. See Roche v. Big Moose Oil Field Truck Service, 381 So.2d 396, 399 (La.1980); Allen, 505 So.2d at 888; and Miles v. Illinois Central Gulf Railroad Co., 389 So.2d 96, 98 (La.App. 4th Cir.), writ denied, 394 So.2d 612 (La.1980).
CONCLUSION
For the foregoing reasons, we affirm the judgment of the trial court dismissing the claims of Holly Jones Cannizzaro, Kimberly Michelle Horning, Harold Colby Burch, and the Estate of Erna Lee Burch on the basis that those parties have no right to seek wrongful death and survival action damages. All costs of this appeal are cast to the plaintiffs.
AFFIRMED.

. In the original pleading, Hancock Bank asserted its objections of no right and no cause of action only against the claims made by Ms. Cannizzaro, Ms. Homing, and the Estate, but on discovering that Mr. Burch was the grandson of the decedent, Hancock Bank supplemented its peremptory exceptions to state that the objections of no right and no cause of action were also asserted against Mr. Burch's claims as well.

. Ms. Burch's other daughter, Barbara Burch Smith, filed a petition to intervene in this matter, which was granted by the trial court.

. This principle of tort law has been embodied in article 2315 of the Louisiana Civil Code since 1870, and prior to that time, the principle was embodied in article 2294 of the Civil Code of 1825, article 16 of the Civil Code of 1808 and article 1382 of the Code Napoleon of 1804.

. The objection of no cause of action questions whether the law extends a remedy to anyone under the factual allegations of the petition, whereas the objection of no right of action questions whether the plaintiff belongs to the particular class to which the law grants a remedy for the particular harm alleged. Clearly, the plaintiffs have stated a valid cause of action in this matter, so the true and appropriate objection to the plaintiffs’ suit is to their right to bring wrongful death and survival action claims. See Williams v. Mumphrey, 95-643, p. 3 (La.App. 5th Cir. 1/30/96), 668 So.2d 1274, 1275-76, writ not considered, 96-0569 (La.3/29/96), 670 So.2d 1240.