McDonald, j.
|gThe only issue before us in this case is who is entitled to the proceeds of a lawsuit filed by John Juneau prior to his death. At the time of his death, John Juneau was survived by one brother. His brother, Louis Juneau, Jr., was substituted' as plaintiff in the lawsuit but died soon thereafter. Louis Juneau’s daughter, Joy Juneau, was substituted into the suit for her father, and maintained that Louis Juneau’s children were entitled to the proceeds of the suit, while the children of a sibling who predeceased John Juneau were not entitled to the proceeds of the suit. The trial court agreed, awarding the proceeds of the suit to Joy Juneau as representative for Louis Juneau’s children. After a de novo review, we affirm.
FACTS AND PROCEDURAL HISTORY
John Juneau was a patient at Feliciana Forensic Facility, a mental health facility owned by the State of Louisiana through the Department of Health and Hospitals, when he was attacked and seriously injured by a fellow patient in 1991. John Juneau filed a personal injury claim for that incident, and the suit was pending when he died on February 6, 2013. John Juneau died intestate, without a spouse or descendants, and was predeceased by his parents. At the time of his death, John Juneau had one living sibling, Louis Juneau, Jr. Louis Juneau was substituted as plaintiff in the suit on April Í5, 2014. Louis Juneau died shortly thereafter, on April 29, 2014.
John Juneau was predeceased by two sisters. One sister, Margaret Mary Juneau, left no children. A second sister, Mary Juneau McKay, was survived by four children: Camille McKay Turner, Mary McKay Lozier, Margaret McKay Jaufre (the McKay plaintiffs), and Norman McKay (who did not join in the suit).
Louis Juneau was survived by his daughter, Joy Juneau, and her two siblings (who did not join in the suit; collectively, the three are referred to as the Juneau siblings). . The McKay plaintiffs stipulated to allow Joy Juneau to be named as | ¡¡plaintiff to accept the settlement proceeds, and Joy Juneau was substituted as plaintiff on behalf of Louis Juneau on July 1, 2014. The parties agreed that the settlement proceeds would be deposited into ■ the registry of the court for the trial court to determine the distribution.
- Joy Juneau filed a motion for disbursement of the funds, asserting that pursuant to La. C.C.P. art. 801 and La. C.C. art. *400 2815.1, she was entitled to receive the proceeds of the lawsuit, because La. C.C. art. 2315.1 lists the sole legal heirs for purposes of survival actions in exclusive order of preference.
The McKay plaintiffs filed a cross-motion for disbursement of the settlement proceeds, asking for their proportionate share of the proceeds. The McKay plaintiffs asserted that they, by representation of their mother, should share in the division of the proceeds, with one-half to go to the Juneau siblings and one-half to go to the McKay siblings. The McKay plaintiffs maintained that La. C.C.P. art. 801 is strictly used to establish the proper plaintiff in the lawsuit, whereas the proceeds of the lawsuit should be disbursed according to basic’ succession law.
The trial court determined that pursuant to La. C.C. art. 2315.1 and La. C.C.P. aft. 801 the Juneau siblings were entitled to the proceeds of the settlement. The trial court awarded the lawsuit proceeds to Joy Juneau, noting that this outcome was harsh to the McKay siblings, but that any change in the law would have to be implemented by the Louisiana Legislature.
The McKay plaintiffs appealed that judgment and have raised two assignments of error.
ASSIGNMENTS OF ERROR
1. The trial [c]ourt improperly ruled that' Louisiana Code of Civil Procedure article 801’s reference to Louisiana Civil Code article' 2315.1 was meant ■ to displace Louisiana intestate successions law and establish a method for the allocation of settlement proceeds amongst legal heirs and successors.
|42. The trial [c]ourt impropérly ruled that the ■ Louis Plaintiffs, nieces and nephews of the deceased plaintiff, share - in the proceeds of this lawsuit to the exclusion of the McKay Plaintiffs, also nieces and nephews of the deceased plaintiff, i.e., that representation does not apply in the distribution of settlement proceeds in a suit for personal injury.
THE STANDARD OF REVIEW
In a case involving no dispute regarding material facts, but only the determination of a legal issue, a reviewing,court must apply the de novo standard of review, under which the trial court’s legal conclusions are not entitled to deference. TCC Contractors, Inc. v. Hospital Service Dist. No. 3 of Parish of Lafourche, 2010-0685 (La.App. 1 Cir. 12/8/10) 52 So.3d 1103, 1108.
APPLICABLE LAW
Louisiana Civil Code article 2315.1' provides:
A. If a person who has been injured by an offense' or quasi offense dies, the right to recover all damages for injury to that person, his property or otherwise, caused by the offense or quasi offense, shall survive for a period of one year from the death of the deceased in favor of:
(1) The surviving spouse and' child or children of the deceased, or either the spouse or the child or children.
(2) The surviving father and mother of the deceased, or either of them if he left no spouse or child surviving.
(3) The surviving brothers and sisters of the deceased, or any of them, if he left no spouse, child, or parent surviving.
(4) The ’surviving grandfathers and grandmothers of the deceased, or any of them, , if he left no spouse, child, parent, or sibling surviving.
B. In addition, the right to recover all damages for injury to the deceased, his *401 property or otherwise, caused by the offense or quasi offense, may be urged by the deceased’s succession representative in the absence of any class of beneficiary set out in Paragraph A.
C. The right of action granted under this Article is heritable, but the inheritance of it neither interrupts nor prolongs the prescriptive period defínéd in this Article.
D. As used in this Article, the words “child”, “brother”, “sister”, “father”, “mother”, “grandfather”,, and “grandmother” include a child, | ¡¡brother, sister, father,'mother, grandfather, and grandmother by adoption, respectively.
E. For purposes of this Article, a father or mother who has abandoned the deceased during his minority is deemed not to have survived him.
Louisiana Code of Civil Procedure article 426 provides for transmission of an action and the right to enforce the obligation: ■ ' :
An action to enforce an obligation is the property of the obligee which oh his death is transmitted with his estate to his heirs, universal legatees, or legatees under a universal title, except as otherwise provided by law. An action to enforce an obligation is transmitted to the obligee’s legatee under a particular title only when it relates to the property disposed of under the particular title.
These rules apply also to a right to enforce an obligation, when no action thereon was commenced prior to the obligee’s death.
. Louisiana Code of Civil Procedure article 428 provides that an action does not abate upon the death of a party:
An action does not abate on the death of a party. The only exception to this rule is an action to enforce a right or obligation which is strictly personal.
Louisiana Code of Civil Procedure article 801 provides for voluntary substitution for a deceased party:
When a party’ dies during the pen-dency of an action which is not extinguished by his death, his legal successor may have himself substituted for the deceased party, on ex parte written motion supported by proof of his quality.
As used in Articles 801 through 804, “legal successor” means:
(1) The survivors designated in Article 2315.1 of the Civil Code, if the action survives in their favor; and
(2) Otherwise, it means the succession representative of the deceased appointed by a. court of this state, if the succession is under administration therein; or the heirs and legatees of the deceased, if the deceased’s succession is not under administration therein. „ ,
DISCUSSION AND ANALYSIS
In their appeal, the McKay plaintiffs cite' the case of Carl v. Naquin, 93-1725 (La.App. 1 Cir. 5/20/94), 637 So.2d 736, as support for ■ their position. In Is Carl, Ms. Carl filed an action resulting from alleged abusive treatment received in a nursing home. Ms; Carl died testate while the suit was pending. Ms. Carl’s will placed the majority of her property in trust for the benefit of the universal legatees named in her will. The succession administrator substituted -himself into Ms. Carl’s existing action; • however, thereafter the court found that one of the decedent’s siblings (a brother) survived her. Thus, the trial court held that the brother was the only proper party plaintiff to substitute as plaintiff -.under La. C.C.P. art. 801. Carl, 637 So.2d at 737. The trial court judgment was upheld on appeal.
, As in the Carl case, the decedent in the present case instituted suit prior to his *402 death and was survived by a La. C.C. art. 2815.1 beneficiary. However, in the present case, there is no dispute that Louis Juneau was the appropriate substitute under La. C.C.P. art. 801. Also, Ms. Carl died testate, and John Juneau died intestate. We do not find the Carl case disposi-tive in the present case.
The McKay plaintiffs also cite Nathan v. Touro Infirmary, 512 So.2d 352, 355 (La.1987), in support of their position. In that case, the supreme court determined that a succession representative as plaintiff could continue a personal injury suit brought by a victim who died without surviving beneficiaries designated in La. C.C. art. 2315.[1] In Nathan, the decedent filed- a malpractice complaint with the Medical Review Panel as required by law prior to filing suit against a healthcare provider. He died about three weeks after the Medical Review Panel had rendered its opinion, leaving no spouse or children, or parents or siblings to survive him. Thereafter, an executor was appointed, and the executor filed a medical malpractice suit as executor (and as heir or legatee) of Herbert Nathan’s succession. The trial court granted an exception of no right of action, treating the suit as one instituted by the legatee/succession representative after the decedent’s 17death. The appellate court affirmed the judgment. Thereafter, the supreme court reversed, finding that the decedent’s filing of the request for review by a Medical Review Panel was equivalent to the filing of suit and was actually the commencement of the suit. The supreme court determined that, under La. C.C.P. art. 428, the decedent’s instituted tort action did not abate upon his death, but rather, was a property right transferrable upon his death. Thus, the supreme court found that in the absence of any La. C.C. art. 2315 survivors, La. C.C.P. art. 801 provided that the succession representative could be substituted as plaintiff in the action. The present case is distinguishable from Nathan because John Juneau had a La. C.C. art. 2315.1 survivor, Louis Juneau.
The designated beneficiary or heir must survive the tort victim in order to have a cause of action to recover proceeds from the settlement of an underlying suit. Day v. Day, 563 So.2d 441, 443 (La.App. 1 Cir.) writ denied, 567 So.2d 109 (La.1990); see also Haas v. Baton Rouge General Hospital, 364 So.2d 944, 945 (La.1978).
In Estate of Burch v. Hancock Holding Co., 2009-1839 (La.App. 1 Cir. 5/7/10), 39 So.3d 742, Erna Lee Burch tripped on an uneven portion of flooring at a Hancock Bank branch and fell. She was severely injured and eventually died from her injuries. Ms. Burch’s daughter, along with four grandchildren and her estate, filed a petition for wrongful death and survival action damages. Ms. Burch’s second daughter filed a petition to intervene in this matter, which was granted by the trial court. The defendants filed exceptions, including peremptory exceptions raising the objections of no light of action and no cause of action as to the claims of the four grandchildren and Ms. Burch’s estate. Estate of Burch, 39 So.3d at 745.
The trial court sustained the peremptory exceptions raising the objections of no right of action and no cause of action as to the claims of the grandchildren and IfiMs. Burch’s estate and dismissed their claims. On appeal, this court affirmed the judgment dismissing those claims on the *403 basis of no right of action, noting that “we have no authority to judicially expand the classes of beneficiaries to which the law grants the remedy of the wrongful death and survival actions.” Estate of Burch, 39 So.3d at 749. As this court stated therein:
[T]he wrongful death and survival actions are considered sui generis and thus are not subject to the law of marriage, of parent and child, of inheritance, nor required to conform to civil law concepts. Neither the survival action nor the wrongful death action provide rights that are transmitted from the tort victim to the victim’s heirs in an inheritance sense. These rights do not pass through the victim’s succession. Rather, these rights are granted by special statute to specified survivors in order of exclusionary preference, and in the absence of any of the specified survivors, the rights are not -transmitted to any other persons. ■ •
Estate of Burch, 39 So.3d at 746 (citations omitted).
In the case before us, we also find this analysis by noted legal commentator Warren L. Mengis insightful:
The proceeds from a survival action should be excluded from the estate of the decedent if there exists a survivor under Article 2315.1. Indeed, it is clear ... that the deceased may have property rights that do not go through the “succession process.” Furthermore, Article 801 of the Louisiana Code of Civil Procedure specifically provides that a “legal successor” includes survivors designated in Article 2315.1 of the Civil Code, when the action survives in their favor. Albeit, one should consider the intent of the deceased as clearly expressed in his last will and testament, but the United States Supreme Court, in Boggs v. Boggs, [520 U.S. 833, 117 S.Ct. 1754, 138 L.Ed.2d 45 (1997) ], held that legislative acts (whether federal or state) govern the disposition or transmission of certain assets, regardless of a testator’s attempt to divert them.
The provisions of Article 2315.1 point to the conclusion that the legislature intended for the survival action to be “self-contained” and unaffected by ’the succession distribution laws. The eases involving this situation clearly hold that a right of action does not pass through a victim’s succession to be transmitted to his heirs as an inheritance. Instead, the cause of action devolves exclusively upon the specially designated classes of beneficiaries or survivors set forth in Article 2315.1.
Warren L. Mengis, The Article 2315.1 Survival Action: A Probate or Non-Probate Item, 61 La. L. Rev. 417, 422 (2001) (emphasis added) (footnotes omitted).
|nIn the present case, the trial court relied upon Rainey v. Entergy Gulf States, Inc., 2004-2414 (LaApp. 1 Cir. 6/25/04), 885 So.2d 1193, writs denied, 2004-1878 (La.11/15/04), 887 So.2d 478, 2004-1883 (La.11/15/04), 887 So.2d 479, and 2004-1884 (La.11/15/04), 887 So.2d 479. In Rai-ney, Vera Rainey sued her employer for a workplace injury. She died while the suit was pending and was survived by two children. Ms. Rainey had executed a will designating Craig Brigalia as testamentary executor of her succession and bequeathed her “lawsuit” to him in a particular legacy. Mr. Brigalia, as testamentary executor, sought to be substituted as the proper plaintiff in Ms. Rainey’s suit. The trial court allowed Mr. Brigalia to be substituted as party plaintiff. Rainey, 885 So.2d at 1196-97. On.appeal, this court reversed the trial court and ruled' that Ms. Rainey’s two children, rather than the testamentary executor of her succession, were to be substituted as parties plaintiff.
*404 In analyzing the case, this court in Rai-ney stated:
When Rainey died during the course of this litigation, her. “action to enforce the obligation” and her “right to enforce an obligation” were transmitted by Articles 2315.1 A(l) and 801 to her surviving children, Jo Ann Mays and James McCallister, At that time, Rainey’s legacy of this tort cause and right of action to Brigalia lapsed. Rainey’s children are the proper parties plaintiff-appellee in this action; Brigalia individually and in his capacities as testamentary executor and particular legatee is not. The trial court erred when it overruled En-tergy’s peremptory exception raising the objection of no right of action. That judgment is reversed, the exception is sustained and Brigalia’s claims are dismissed.
Rainey, 885 So.2d at 1203-04.
In.Day v. Day, 563 So.2d 441, the tort victim, Henry Day Sr., filed suit for personal injuries based on his contraction of silicosis. At the time suit was filed, Mr. Day had three surviving children; however, prior to Mr. Day’s death, one of his children died.- Thus, at the time of the Mr. Day’s, death,, two children and five grandchildren survived him. In Day this court found that in order to have a cause of action to recover proceeds from the settlement of Mr. Day’s suit, the designated | inbeneficiary must survive the tort victim. Because one child died before his father and thus did not survive the tort victim, that child’s right as beneficiary did not exist. Day, 563 So.2d at 443.
Like Mr. Day, who was predeceased by a member of the highest ranking La. C.C. art. 2315.1 class, two of the three members of John Juneau’s La. C.C. art. 2315¿1(A)(3) class predeceased him. Because John Juneau had no spouse, children, or surviving parents, the right to beneficiary status fell to his surviving sibling. As Louis Juneau was the only surviving sibling at the time of John Juneau’s death, under La. C.C. art. 2315.1, Louis Juneau was the only person to have a cause of action to recover the proceeds from the settlement of the John Juneau suit. Thus, only the Juneau plaintiffs are entitled to the proceeds of the settlement. .
As Mary Juneau McKay predeceased John Juneau, she was not a member of the designated class of La. C.C. art. 2315.1(A)(3) survivors; therefore, the McKay plaintiffs are not entitled to receive the proceeds from the settlement. We agree with the McKay plaintiffs that this is an unjust outcome. However, this result is mandated under the law. Only the legislature can change the law.
Heirs at the same class level are treated differently. The Juneau siblings inherit from their uncle while their first cousins, the McKay siblings, do not inherit from the same uncle. The legislature enacted La. C.C. arts. 2315.1 and 2315.2, which treat survival actions and wrongful death actions the same way. However, the underlying causes of action are not identical. A survival action belonged to the injured party and, subsequent to his or her death, is brought by a listed person who is substituted for the decedent in accordance with La. C.C. art. 2315.1. The action is not worth any more or any less because of the relationship of the person who is substituted for the decedent. There seems to be no logical policy reason that the survival action should not be part of the decedent’s estate.
InThe wrongful death action, however, is particular to each designated member of the beneficiary class. The value of the claim will vary, depending upon the relationship of the claimant to the decedent. Thus, there is a sound policy reason for *405 these claims to belong.to the individual claimants.
We note that- the Louisiana Legislature has recognized the problems that have been created by this application of La. C.C. art,.2315.1. In the 38th Regular Session (2012), the legislature passed House Concurrent Resolution No. 131 requesting “the Louisiana State Law Institute to study the testamentary disposition of the right to bring a survival action pursuant to Civil Code Article 2315.1” and that it “report its findings and recommendations in the form of specific proposed legislation.”
CONCLUSION
For the foregoing reasons,' after a de novo review, the trial court judgment awarding the John Juneau lawsuit settlement proceeds to Joy Juneau as representative for the Juneau siblings is affirmed. The costs , of this appeal are . assessed against the appellants, Camille McKay Turner, Mary McKay Lozier, and Margaret McKay Jaufre.
AFFIRMED,
HOLDRIDGE, J., concurs.

. At the time the Nathan suit was filed, the substance of current La. C.C. art. 2315.1 was found in La. C.C. art. 2315.