CHAISSON, J.
This case arises from a dispute among the surviving relatives of Raymond E. Theobald ("Mr. Theobald") concerning the allocation of settlement proceeds from wrongful death and survival claims filed by an attorney on their behalf. Emily T. Walet, Lucy E. Theobald, and Dean R. Theobald appeal a September 26, 2017 judgment of the trial court that dispersed and divided equally among six legatees of Mr. *963 Theobald's last will and testament the funds from the net proceeds of the settlement. For the following reasons, we reverse the judgment of the trial court and render judgment in favor of the appellants.
FACTS AND PROCEDURAL HISTORY
Mr. Theobald died as the result of being struck by a motor vehicle on June 14, 2009. At the time of his death, he was survived by three children, Emily T. Walet, Lucy E. Theobald, and Dean R. Theobald, and one grandchild, Elizabeth Baker, the daughter of his predeceased daughter, Ann-Marie Theobald. Through his marriage to Edna Bailly Theobald, Mr. Theobald was also survived by two step-children, David Delyea, Jr. and Paul A. Delyea, Sr., neither of whom were adopted by Mr. Theobald. Mr. Theobald left a last will and testament in which he named Emily, Lucy, Dean, Elizabeth, David and Paul as legatees of his estate in equal portions.[1]
All six legatees named in Mr. Theobald's last will and testament retained attorney Bruce H. Lizana to make a claim against the driver of the vehicle that struck Mr. Theobald and the driver's liability insurer.[2] In connection with his representation, Mr. Lizana requested and obtained an Acknowledgement and Waiver of Conflicts of Interests & Agreement for Disbursement of Proceeds (the "Conflict Waiver") individually from Emily, Lucy, Dean, Elizabeth, David and Paul.
The Conflict Waiver states:
To the Heirs of Raymond E. Theobald:
Below is your Informed Consent of my firm representing each of you, to which you have agreed after a careful consideration of all the facts and even though there are actual and potential conflicts of interest. I wish to remind you of the circumstances and facts that give rise to the conflicts of interest, which you each told me you did consider in making your decision.
This representation will include the Wrongful Death claim and Survivor Action that arise as the result of the automobile/pedestrian accident of Raymond E. Theobald that occurred on June 14, 2009 on West Esplanade Avenue in Jefferson Parish, Louisiana and resulted in his death.
You have each told me you understand that for the Wrongful Death claim and pursuant to Louisiana law only the natural children of the decedent, Raymond E. Theobald are entitled to file a claim or lawsuit for their damages for the loss of their father. That is Emily, Lucy and Dean. Step children and grandchildren who were not adopted are not entitled by law to file a claim or lawsuit for their loss. That is David, Paul and Elizabeth. You have each further told me you understand the Survival Action is part of the Estate of Raymond E. Theobald.
The conflicts arise for several reasons. First, each of the natural children, Emily, Lucy and Dean had a unique and different relationship with their father. It would be necessary to determine what each would be entitled to based upon their particular relationship. Next, it would be necessary to determine what portion of any proceeds recovered would be allocated to the Wrongful Death *964 claims and what portion would be allocated to the Survival Action.
I previously recommended that each of you seek independent legal advice regarding the conflicts. You have each informed me that each of you has and that after considering all of the actual and potential conflicts you knowingly and voluntarily consent to representation by the firm, Bruce H. Lizana, a Professional Law Corporation, and waive any and all actual and potential conflicts of interest. You have each further told me that each of you has agreed to share any net proceeds recovered, that is after attorney's fees and expenses, on an equal basis of one-sixth (1/6) each. Please sign below confirming your decisions and agreements.
All of the parties signed identical but separate copies of this Conflict Waiver. After Mr. Lizana secured a settlement with Geico Insurance Company resolving the wrongful death and survival claims, Emily wrote a letter to Mr. Lizana on December 1, 2010, indicating that she could not agree to a disbursement of those funds until such time as "... the matters of the estate are fully settled." Subsequently, on January 19, 2012, Emily wrote a second letter to Mr. Lizana, on behalf of herself, Lucy, and Dean, instructing him not to distribute the funds per the prior "agreement," which she stated was made on the erroneous advice that Paul and David were eligible to receive money from the settlement.
On February 12, 2014, Mr. Lizana initiated concursus proceedings and deposited the settlement funds into the court registry. Paul and David filed a Motion to Disburse Funds seeking the equal distribution of funds pursuant to the Conflict Waiver. This motion was opposed by Emily. After hearing arguments on the motion, the trial court, on March 3, 2015, rendered judgment denying Paul and David's motion. The concursus proceedings were later consolidated with the succession proceedings of Mr. Theobald.
Emily, Lucy, and Dean then filed a Motion for Summary Judgment seeking to have the settlement funds dispersed to them in three equal shares, excluding Paul, David, and Elizabeth. Following other motions, the matter of the allocation of the settlement proceeds came to trial, after which, on September 26, 2017, the trial court rendered judgment decreeing that a valid and binding agreement to share equally in the settlement proceeds existed among the six parties.
On appeal, Emily, Lucy, and Dean argue that the trial court erred as follows: (1) in finding there existed a binding agreement; (2) in finding that Emily could not revoke her agreement to the Conflict Waiver; and (3) in failing to find that the consent of Emily was vitiated due to error based on misrepresentations made in the Conflict Waiver.
DISCUSSION
A court of appeal may not overturn a judgment of a trial court absent an error of law or a factual finding which is manifestly erroneous or clearly wrong. Wooley v. Lucksinger , 09-0571 (La. 4/1/11), 61 So.3d 507, 554. When an appellate court finds that a reversible error of law or manifest error of material facts was made in the trial court, it is required, whenever the state of the record on appeal so allows, to redetermine the facts de novo from the entire record and render judgment on the merits without deference to the legal conclusions of the tribunal below. Id. at 555. In its reasons for judgment, the trial court found that all of Mr. Theobald's heirs had entered into a contractual agreement when they signed the Conflict Waiver and were therefore bound by its terms to share the settlement proceeds in equal one-sixth *965 shares among them. As discussed more thoroughly below, this finding is based upon legal error, which requires this Court's de novo review.
Although they arise from a common tort, survival and wrongful death claims are separate and distinct causes of action. Lennie v. Exxon Mobil Corp. , 17-204 (La. App. 5 Cir. 6/27/18), 251 So.3d 637, 643. A survival action arises when a person who possesses a cause of action for injuries sustained by an offense or quasi offense subsequently dies, at which time the right to recover all damages for injury to the decedent is recognized in favor of certain statutorily-designated beneficiaries of the decedent. Id. A wrongful death action is recognized in favor of certain statutorily-designated beneficiaries of a person who dies due to the fault of another to recover damages which they themselves have sustained as a result of his death. Id. La. C.C. arts. 2315.1 and 2315.2 provide a ranking of beneficiaries, designated by classes according to relationship to the deceased, of those persons to whom the right to recover under survival and wrongful death actions belong, respectively. Any beneficiaries belonging to a higher classification possess the sole right to maintain the cause of action, and they exclude all other beneficiaries belonging to all lower classifications.
Pursuant to both of these statutes, the first class of beneficiaries in whose favor survival and wrongful death actions belong are "... [t]he surviving spouse and child or children of the deceased, or either the spouse or the child or children." La. C.C. arts. 2315.1(A)(1) and 2315.2(A)(1). Therefore, because Mr. Theobald had surviving children, the wrongful death and survival claims arising from his death accrued entirely to his surviving natural children, Emily, Lucy, and Dean, and not to his step-children, Paul and David, or his granddaughter, Elizabeth.[3]
Contrary to the erroneous statement set forth in the Conflict Waiver, the survival action is not part of the estate of a decedent. In Haas v. Baton Rouge General Hospital , 364 So.2d 944, 945 (La. 1978), the Louisiana Supreme Court held:
The [survival] right of action does not pass through the victim's succession to be transmitted to his heirs as an inheritance. Instead, it devolves exclusively upon specially designated classes of beneficiaries or survivors set forth in [the Civil Code] article.
In the instant matter, Emily, Lucy, and Dean, as the only surviving natural children of the decedent, are the only parties vested with the right to recover damages for the wrongful death and survival actions relating to their father.
Having established that Emily, Lucy, and Dean are the only parties vested with rights to the proceeds of the wrongful death and survival actions, we next examine whether there was a valid agreement to transfer any portion of these rights to Paul, David and Elizabeth. In order to *966 determine whether or not there was a valid transfer of any portion of these rights, it is imperative that we examine the exact nature of the agreement by which they were purportedly transferred.
We first note that it is clear from the language of the Conflict Waiver that it was obtained by Mr. Lizana in order that he could jointly represent six different individuals whose claims regarding the litigation might be adverse to one another. Although the Conflict Waiver also recites Mr. Lizana's understanding of the agreement reached between the parties, it does not purport to itself transfer any rights among the parties. The Conflict Waiver, which states that the parties have "... further told me that each of you has agreed to share any net proceeds recovered, that is after attorney's fees and expenses, on an equal basis of one-sixth (1/6) each," merely memorializes the verbal agreement previously reached among the parties.
Paul, David and Elizabeth contend that the agreement is a "contract of compromise," arguing that "[t]here was a dispute concerning a legal relationship, and the agreement to settle the dispute is a valid compromise, which precludes re-litigation of the dispute," citing La. C.C. arts. 3071, et seq. , the provisions of the Louisiana Civil Code dealing with compromise. La. C.C. art. 3071 defines compromise as "... a contract whereby the parties, through concessions made by one or more of them, settle a dispute or an uncertainty concerning an obligation or other legal relationship."
As regards the wrongful death and survival claims, although all statutorily-authorized claimants may be called upon to agree to a division of the proceeds of the settlement, the accident did not give rise to any liabilities or obligations that the claimants owed to one another that required a compromise among them. The only liability or obligation regarding the wrongful death and survival claims that was susceptible to compromise was the disputed liability or obligation of the tortfeasor and her insurer for Mr. Theobald's death. Furthermore, as previously established, Paul, David and Elizabeth, having no legal right to bring an action for those claims, had nothing to compromise with Emily, Lucy and Dean regarding those claims.
In an apparent attempt to bring their agreement within the definition of "compromise,"[4] Paul, David and Elizabeth argue that there was a dispute concerning some unspecified legal relationship. However, the record reveals that there was absolutely no evidence introduced regarding a dispute concerning a legal relationship, and Paul, David and Elizabeth do not expound upon this allegation or provide any explanation of what "legal relationship" was allegedly in dispute. Accordingly, we reject their characterization of the agreement regarding allocation of the settlement proceeds as a "contract of compromise" within the meaning of La. C.C. art. 3071.
Given that Paul, David and Elizabeth had no legal claim to any of the proceeds of the wrongful death or survival claims, they provided no consideration for Emily, Lucy and Dean's agreement to share the proceeds equally among the six parties. Therefore, any attempt to transfer a portion of those proceeds to them would have been a donation to them by Emily, Lucy and Dean.[5] However, La. C.C. art. 1529 *967 provides that "[a] donation inter vivos can have as its object only present property of the donor. If it includes future property, it shall be null with regard to that property."
At the time that the parties signed the Conflict Waiver memorializing their agreement to share the wrongful death and survival claim proceeds equally, no such proceeds had been received or distributed. Therefore, pursuant to La. C.C. art. 1529, there was no valid donation of a portion of these future proceeds to Paul, David and Elizabeth.[6] Furthermore, there is no dispute that prior to disbursement of these proceeds, Emily wrote to Mr. Lizana on two occasions and advised him that due to the erroneous legal advice that he had provided regarding the parties who were entitled to these proceeds, the natural children were no longer in agreement to share these proceeds with Paul, David and Elizabeth.[7] Where no consideration has been provided by the proposed recipients, we find nothing in the law that prevents the proposed donors of future property to rescind their agreement regarding that donation prior to the donation being consummated.
Having found no valid agreement to transfer any portion of the future proceeds of the wrongful death and survival claims to Paul, David or Elizabeth, we pretermit any discussion regarding Emily, Lucy and Dean's argument that their consent to such agreement was vitiated by the erroneous legal advice provided by Mr. Lizana.
DECREE
We therefore conclude that the trial court erred in finding there was a valid agreement for the six parties to share in the proceeds of the wrongful death and survival claims equally. Accordingly, we find that Emily, Lucy and Dean are the only parties entitled to share in the net proceeds of the wrongful death and survival claims. We reverse the judgment of the trial court and remand the matter for further proceedings consistent with this opinion.
REVERSED AND REMANDED

Although the last will and testament of Mr. Theobald was not made part of the appellate record, all parties acknowledge that Emily, Lucy, Dean, Elizabeth, David and Paul were named as the legatees of Mr. Theobald's estate in equal portions.

Although both appellants and appellees state in their briefs that a lawsuit was filed by Mr. Lizana, it appears from the record that this claim was settled with Geico Insurance Company without the necessity of filing a lawsuit.

Grandchildren are not among the classes of beneficiaries to which the law grants the remedy of the wrongful death and survival actions. See Estate of Burch v. Hancock Holding Co. , 09-1839 (La. App. 1 Cir. 5/7/10), 39 So.3d 742, 748. Furthermore, although La. C.C. arts. 2315.1 and 2315.2 provide that the survival action and wrongful death action, respectively, are "heritable," the articles do not provide for representation of a 2315.1 or 2315.2 designated beneficiary who has predeceased the tort victim. See Dufrene v. Avondale Indus., Inc. , 01-1474 (La. App. 4 Cir. 8/22/01), 795 So.2d 456, 459 ; Day v. Day , 89-708 (La. App. 1 Cir. 5/30/90), 563 So.2d 441. Elizabeth's mother, having predeceased Mr. Theobald, had no survival or wrongful death action for Elizabeth to inherit pursuant to La. C.C. art. 2315.1 or La. C.C. art. 2315.2.

Although La. C.C. art. 3082 provides that a compromise may be rescinded for error, it further provides that a compromise cannot be rescinded on grounds of error of law.

The Conflict Waivers that memorialize the agreement reached among the parties each specifically provides that the agreement was "... to share any net proceeds recovered ..." (emphasis added).

The law also sets forth requirements with regard to the form and content of the act of donation which do not appear to have been met in this case. See La. C.C. arts. 1541, 1542, and 1550 ; O'Krepki v. O'Krepki , 16-50 (La. App. 5 Cir. 5/26/16), 193 So.3d 574, 579.

We disagree with Paul, David and Elizabeth's argument that "... entitlement to damages under the civil code is irrelevant in this matter ...," and their apparent contention that Paul, David and Elizabeth's lack of any legal right to pursue a survival claim was "... exactly the conflict explained to [Emily]..." and that that conflict was the conflict waived by Emily, Lucy and Dean in the Conflict Waiver.