# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 17-809

**KHRISTY GOINS RISMILLER,
TUTRIX FOR DANIEL EDWARDS GOINS**

**VERSUS**

**GEMINI INSURANCE COMPANY, ET AL.**

\*\*\*\*\*\*\*\*\*\*

ON APPLICATION FOR SUPERVISORY WRITS FROM THE
SEVENTH JUDICIAL DISTRICT COURT
PARISH OF CONCORDIA, NO. 49,686 C/W 49,751 C/W 49,832
HONORABLE JOHN C. REEVES, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**SHANNON J. GREMILLION
JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Billy H. Ezell, Shannon J. Gremillion, Phyllis M. Keaty, John E. Conery, D. Kent Savoie, and Van H. Kyzar, Judges.

Cooks, J., dissents and would deny the writ.

Savoie, J., dissents for the reasons expressed by Judge Cooks, and for the additional reasons assigned.

Conery, J., concurs in part and dissents in part for the reasons expressed by Judges Savoie and Cooks, and for the additional reasons assigned.

**WRIT GRANTED AND MADE PEREMPTORY;
EXCEPTIONS OF NO RIGHT OF ACTION GRANTED.**

**Andre C. Gaudin**
**M. Joey Bernard**
**Burglass & Tankersley, LLC**
**5213 Airline Drive**
**Metairie, LA 70001**
**(504) 836-0422**
**COUNSEL FOR DEFENDANT/APPLICANT:**
   **Kenneth Boone d/b/a Boone Trucking**

**Timothy W. Hassinger, T.A.**
**Patrick J. Schepens**
**Galloway, Johnson, Tompkins, Burr & Smith**
**3 Sanctuary Boulevard, Third Floor**
**Mandeville, LA 70471**
**(985) 674-6680**
**COUNSEL FOR DEFENDANT/APPLICANT:**
   **Mark Isaiah Gordon**

**Charles S. Norris, Jr.**
**Christopher J. Norris**
**Norris Law Firm, LLC**
**P. O. Box 400**
**8 North Oak Street**
**Vidalia, LA 71373**
**(318) 336-1999**
**COUNSEL FOR PLAINTIFF/RESPONDENT:**
   **Khristy Goins Rismiller, Tutrix for Daniel Goins**

**Colt J. Fore**
**D. Blayne Honeycutt**
**Fayard and Honeycutt**
**519 Florida Ave, SW**
**Denham Springs, LA 70726**
**(225) 664-0304**
**COUNSEL FOR PLAINTIFF/RESPONDENT:**
   **David Watts**

**Virgil Russell Purvis, III**
**Smith, Taliaferro & Purvis**
**407 Mound Street**
**Jonesville, LA 71343**
**(318) 339-8526**
**COUNSEL FOR PLAINTIFFS/RESPONDENTS:**
   **Succession of Richard Stewart, Jr.**
   **Richard Stewart, Sr.**
   **Vera Anita Stewart**
   **Raymond Kelly**
   **Donna Kelly**

**J. Rock Palermo, III**
**Veron, Bice, Palermo**
**P. O. Box 2125**
**Lake Charles, LA 70602-2125**
**(337) 310-1600**
**COUNSEL FOR PLAINTIFFS/RESPONDENTS:**
 **Succession of Richard Stewart, Jr.**
 **Richard Stewart, Sr.**
 **Vera Anita Stewart**
 **Raymond Kelly**
 **Donna Kelly**

**Jeremy Z. Soso**
**Lambert & Nelson**
**701 Magazine Street**
**New Orleans, LA 70130**
**(504) 581-1750**
**COUNSEL FOR PLAINTIFF/RESPONDENT:**
 **Sheila Smith**

**Joe Meng**
**Attorney at Law**
**205 South Broadway, Suite A**
**Natchez, MS 39120**
**(601) 445-8111**
**COUNSEL FOR PLAINTIFF/RESPONDENT:**
 **Sheila Smith**

**Micah A. Gautreaux**
**Degan, Blanchard & Nash**
**6421 Perkins Road, Building C, Suite B**
**Baton Rouge, LA 70808**
**(225) 610-1110**
**COUNSEL FOR DEFENDANT/RESPONDENT:**
 **Gemini Insurance Company**

**GREMILLION, Judge.**

This consolidated matter arises out of a tragic auto accident that occurred on October 1, 2015, on U.S. Highway 84 in Concordia Parish.[1] An eighteen-wheeler truck driven by Mark Gordon and owned by Kenneth Boone d/b/a Boone Trucking was involved in a head-on collision with a vehicle being driven by Richard Stewart, Jr. Stewart and his two minor children, George Stewart and Vera Cheyenne Stewart, were killed in the accident.

George and Vera Cheyenne were Stewart's biological children from a relationship with Brandi Hardie; however, Stewart and Hardie were never married. At the time of the accident, Raymond and Donna Kelly had custody of Vera Cheyenne, and Jimmy and Tammy Johnese had custody of George.

Stewart had two other biological children who were adults at the time of his death: Daniel Goins and David Watts. Goins and Watts were born during Stewart's marriage to Lisa Watts Stewart, and they were given up for adoption. Goins was adopted by George and Joyce Goins, Stewart's uncle and aunt. Watts was adopted by his maternal grandparents, Mary and Jimmy Watts. At the time of the accident, Stewart and Lisa were physically separated, but they had never legally divorced. It has been alleged that Lisa currently resides in a care facility in another state.

Following the accident, three separate survival and wrongful death actions arising out of Stewart's and the minor children's deaths were filed in the trial court. Two of these actions involve claims filed by or on behalf of Goins and Watts.[2] The plaintiffs in the third action are: Stewart's Succession; Stewart's parents, Richard

---

[1] This writ is consolidated with 17-811 and 17-812.

[2] *Khristy Goins Rismiller, Tutrix for Daniel Edward Goins v. Gemini Insurance Company, et al.*, Louisiana 7th Judicial District Court Docket Number 49,686; and *David Watts v. Mark Gordon, et al.*, Louisiana 7th Judicial District Court Docket Number 49,751.

Stewart, Sr. and Vera Stewart; and Raymond and Donna Kelly (collectively, "the Stewart Plaintiffs").[3] All three actions were consolidated in the trial court.

In each of the three actions, Defendants Mark Gordon and Kenneth Boone d/b/a Boone Trucking filed exceptions of no right action, which the trial court denied. In connection with Watts' and Goins' survival and wrongful death actions arising from Stewart's death, the trial court found that:

> the cases of *Levy v. Louisiana,* 391 U.S. 68, (1968), and *Turner v. Busby,* 03-3444 (La. 9/9/04), 883 So.2d 412 are persuasive in holding that "it is the biological relationship and dependency which is determinative of the child's rights in these cases, and not the classification into which the child is placed by the statutory law of the State." Thus, the fact that Watts [and Goins] w[ere] adopted does not prevent [them] from bringing survival and wrongful death claims for the death of [Mr.] Stewart, [their] biological father.

Further, in connection with Watts' and Goins' survival and wrongful death actions arising from the deaths of their biological half-siblings, George and Vera Cheyenne, the trial court found that the children's mother, Brandi Hardie, had abandoned the children during their minority, and, therefore, in accordance with La.Civ.Code arts. 2315.1 and 2315.2, she was deemed to have predeceased the children. The trial court concluded that Goins and Watts were allowed to assert survival and wrongful death claims arising out of the children's deaths. No specific reasons for the trial court's denial of Defendants' exceptions of no right of action can be found in the record.

Following the trial court's ruling, Defendants filed three separate writ applications with this court seeking review of the trial court's denial of their exceptions. We granted the writ applications and heard oral argument. This

---

[3] *Succession of Richard Stewart, Jr., et al. v. Mark Isaiah Gordon, et al.,* Louisiana 7th Judicial District Court Docket Number 49,832.

particular writ involves the trial court's denial of Defendants' exception of no right of action pertaining to the claims asserted on behalf of Goins, Stewart's biological son, who was given up for adoption as a minor and who is a biological half-sibling of the deceased minor children.[4]

For the reasons set forth in *Succession of Richard Stewart, Jr. et al. vs. Gordon, et al.*, 17-812 (La.App. 3 Cir. __ / __/18), __ So.3d ___, we find the trial court erred in denying Defendants' exceptions of no right of action as to Goins' survival and wrongful death claims due to the death of his biological father and half-siblings. Costs of these proceedings are assessed to Khristy Goins Rismiller, Tutrix for Daniel Edward Goins.

**WRIT GRANTED AND MADE PEREMPTORY;**
**EXCEPTIONS OF NO RIGHT OF ACTION GRANTED.**

---

[4] Trial Court Docket Number 49,751.

# STATE OF LOUISIANA

## COURT OF APPEAL, THIRD CIRCUIT

## 17-809

**KHRISTY GOINS RISMILLER,**

**TUTRIX FOR DANIEL EDWARDS GOINS**

**VERSUS**

**GEMINI INSURANCE COMPNAY, ET AL.**

**COOKS, J., Dissents and would deny the writ.**

For the reasons set forth in my concurrence in part and dissent in part in *Succession of Richard Stewart, Jr. et. al. vs. Gordon, et al.*, 17-812 (La.App. 3 Cir. ___/___/18), __So.3d__, I dissent and would deny this writ. There was no error in the trial court's ruling denying Defendants' exceptions of no right of action as to Goins' survival and wrongful death claims due to the death of his biological father and the death of his half-siblings.

No. 17-809
KHRISTY GOINS RISMILLER, TUTRIX FOR DANIEL EDWARD GOINS
VERSUS
GEMINI INSURANCE COMPANY, ET AL.

CW
No. 17-811
DAVID WATTS
VERSUS
MARK GORDON, ET AL.

CW
No. 17-812
SUCCESSION OF RICHARD STEWART, JR., ET AL.
VERSUS
MARK ISIAH GORDON, ET AL.

Conery, J., concurs in part and dissents in part for reasons assigned by Judges Savoie and Cooks and for the following additional reasons.

When James Stewart, Jr. was killed in an automobile accident, along with his two minor children George and Vera Cheyenne Stewart, he was survived by his wife, Lisa Stewart, and his two adult children, Daniel Goins and David Watts.[1]

Louisiana Civil Code Article 2315.1 and 2315.2 have been interpreted as "sui generis" and govern the hierarchy of who may recover in a survival and wrongful death action, respectively, against the tortfeasor defendants in this case and their insurance carriers. *See Juneau v. State Ex Rel. Department of Health and Hospitals*, 15-1382 (La.App. 1 Cir. 7/7/16), 197 So.3d 398, *writ denied*, 16-1490 (La.

---

[1] Daniel Goins has a tutrix, Kristi Goins Rismiller, who filed suit on his behalf in docket 17-809. David Watts filed suit on his own behalf in docket 17-811. Daniel Goins and David Watts are the biological children of Richard Stewart, Jr. and are the half-brothers of the minors George Stewart and Vera Cheyenne Stewart, whose mother, Brandi Hardie, is not currently a party. Daniel and David were adopted by others but are each claiming survival and wrongful death damages as a result of the death of their biological father, Richard Stewart, Jr. and their biological minor half-siblings, George and Vera Cheyenne Stewart. Richard Stewart, Sr. and his wife, Vera Stewart, are suing for the wrongful death of their son, Richard, Jr., and their minor grandchildren, George and Vera Cheyenne, and are joined in their suit by the Succession of Richard Stewart, Jr. in docket 17-812. All suits have been consolidated, but the majority has issued separate opinions in each.

11/15/16), 209 So.3d 781.  Both articles provide that where there is a surviving spouse and child or children, they are the first in the hierarchy of persons entitled to recover.  *See* La.Civ.Code art. 2315.1 and 2315.2.  There is no dispute that Lisa Stewart, the lawful wife of James Stewart, Jr., and his two biological adult sons Daniel Goins and David Watts, survived James Stewart, Jr..  There is nothing in the plain wording of the civil code articles in question that would suggest that if Daniel Goins and David Watts were adopted by another, they would no longer be "children" or "brother" within the meaning of the two articles in question.

This case then hinges on the words in La.Civ.Code arts. 2315.1 and 2315.2, "except as otherwise provided by law."   The majority cites La.Civ.Code art. 199 as the law that precludes recovery by Daniel Goins and David Watts.   That article states:

> Upon adoption, the adopting parent becomes the parent of the child for all purposes and the filiation between the child and his legal parent is terminated, **except as otherwise provided by law.**  The adopted child and his descendants retain the right to inherit from his former legal parent and the relatives of that parent.

(Emphasis added).

The majority reasons that because Richard Stewart Jr.'s "filiation" to Daniel Goins and David Watts was terminated by adoption, they cannot be considered "children" for purposes of La.Civ.Code arts. 2315.1(A) and 2315.2(A).  However, La.Civ.Code art. 199 also has the admonition "except as otherwise provided by law".  Judges Cooks and Savoie in dissent propose that since La.Civ.Code arts. 2315.1 and 2315.2 do not in any way restrict the term "children" or "brothers," in accordance with U.S. Supreme Court decisions and our Louisiana Supreme Court decisions cited in their opinions, neither should we.  I agree.

2

It is settled law that recovery under La.Civ.Code arts. 2315.1 and 2315.2 is "sui generis" and not dependent on any other statute or codal article. Those articles do not define or limit the term "children" or "brothers." *See Juneau*, 197 So.3d 398. The legislature did not limit the recovery to exclude children who have been adopted and half-brothers, and we should not judicially add an exception. I believe Judges Cooks and Savoie have correctly set forth the law and appropriate result in this case and I respectfully join their concurrences/dissents.

To the extent that this decision conflicts with the interpretation expressed by a panel of our court in *Domingue v. Carencro Nursing Home, Inc.*, 520 So.2d 996 (La.App. 3 Cir.), *writ denied*, 522 So.2d 565 (La.1988), I would offer that under our civilian system we are not bound by a prior decision of another panel of our court, or any other appellate court decision. *Doerr v. Mobil Oil Corp.*, 00-947 (La. 12/19/00), 774 So.2d 119, *reh'g granted on other grounds*, 00–947 (La. 3/16/01), 782 So.2d 573.

As Judges Cooks and Savoie point out in their dissents, to issue a ruling preventing adopted children from filing a wrongful death claim would appear to be unconstitutional based on the prevailing jurisprudence cited in their opinions. We need not and I do not reach that conclusion here. Based strictly on statutory interpretation, La.Civ.Code arts. 2315.1 and 2315.2 do not limit the term "children" or "brothers" in any way, and in my view include as beneficiaries Daniel Goins and David Watts, the biological children of the decedent, Richard Stewart, Jr., who have been adopted by others.

The case of *Ledet v. State, Dep't of Health and Human Res.*, 465 So.2d 98 (La.App. 4 Cir.), *writ denied*, 468 So.2d 1211 (La.1985), is instructive on this issue. The court in *Ledet* specifically held that since biological half-brothers were not

3

excluded in the definitions of the term "brothers" in La.Civ.Code arts. 2315.1 and 2315.2, the ordinary meaning of the word "brother" would include half-brothers, pursuant to La.Civ.Code art. 11.[2] The fact that Daniel Goins and David Watts were adopted does not mean that they are no longer the biological children of their father as well as the biological half-brothers of the minors, George Stewart and Vera Cheyenne Stewart.

Louisiana Civil Code Articles 2315.1 and 2315.2 use the generic word "children" and "brothers" without exceptions, and we are not authorized to judicially create an exception to exclude biological children or half-siblings who have been adopted by another. *See* La.Civ.Code art. 9.[3] It will be up to the plaintiffs to prove the extent of their relationship with their biological father and half-siblings and the amount of their loss, and they should be given an opportunity to do so.

I also agree with Judges Cooks and Savoie's dissents that if, on remand, Brandi Hardie is found to have abandoned her biological minor children, George Stewart and Vera Cheyenne Stewart, pursuant to La.Ch.Code art. 1015(5),[4] the next in line to sue for their wrongful deaths, would be their biological half-brothers, Daniel Goins and David Watts.

---

[2] La.Civ.Code art. 11 provides, "[t]he words of a law must be given their generally prevailing meaning. Words of art and technical terms must be given their technical meaning when the law involves a technical matter."

[3] Louisiana Civil Code Article 9 states, "[w]hen a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature."

[4] According to La.Ch.Code art. 1015(5), "[t]he grounds for termination of parental rights are:

(5) Abandonment of the child by placing him in the physical custody of a nonparent, or the department, or by otherwise leaving him under circumstances demonstrating an intention to permanently avoid parental responsibility by any of the following:

(a) For a period of at least four months as of the time of the hearing, despite a diligent search, the whereabouts of the child's parent continue to be unknown.

(b) As of the time the petition is filed, the parent has failed to provide significant contributions to the child's care and support for any period of six consecutive months.

(c) As of the time the petition is filed, the parent has failed to maintain significant contact with the child by visiting him or communicating with him for any period of six consecutive months."

The majority and the dissents all recognize that if either case disposition becomes final, there are some who may have had closer relations with the deceased than those lawfully allowed to recover. We understand their loss but are duty bound to apply the law as written. The hierarchy of beneficiaries allowed to recover is plainly written and should be applied as written. *Blanchard v. Tinsman*, 83-451 (La.App. 3 Cir. 2/1/1984) 445 So.2d 149, *writ denied*, 448 So.2d 113 (La.1984).

**KHRISTY GOINS RISMILLER,**
**TUTRIX FOR DANIEL EDWARDS GOINS**

**VERSUS**

**GEMINI INSURANCE COMPANY, ET. AL.**

**SAVOIE J., dissents and assigns the following reasons:**

I disagree with the majority's conclusion to grant the exceptions in this matter. For the reasons set forth in my concurring and dissenting opinion in *Succession of Richard Stewart, Jr. et. al. vs. Gordon, et. al.*, 17-812 (La.App. 3 Cir. __ / __/18)*, __ So.3d ___, Mr. Goins, who is Mr. Stewart's biolgoical child, has a right to assert a wrongful death and survival action arising out of Mr. Stewart's death. Therefore, the trial court's ruling in this regard was not in error.

In addition, I would remand Defendants' exceptions as to Mr. Goins' survival and wrongful death action arising out of the minor children's deaths. As recognized by the court's opinion in *Succession of Richard Stewart, Jr. et. al., Id.*, the children's biological mother, Ms. Hardie, is an indespensable party and should be made a party to these proceedings. In the event Ms. Hardie is determined on remand to have abandoned the deceased children as contempated by La.Civ.Code arts. 2315.1(E) and 2315.2(E), then Mr. Goins, as the children's sibling, would have a right to assert a survival and wrongful death action arising out of their deaths.